## EX PARTE BENTON LAYMAN.

No. 21422.   Delivered January 8, 1941.

The opinion states the case.

*F. L. Kuykendall, of Austin, for appellant.*

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

On October 31, 1940, relator presented to the Presiding Judge of this Court an application for a writ of habeas corpus, in which he set up that in 1934 relator had been convicted in the District Court of Somervell County of "robbery with fire-arms," and his punishment had been assessed at imprisonment in the penitentiary for life. Relator then averred, (a) that there was no pleading on behalf of the State upon which to base the verdict of the jury and the judgment of the court in assessing a life sentence, (b) that the verdict and the judgment were not responsive to the pleading and were therefore void.

Upon the averments referred to, relator's request that the

writ of habeas corpus issue was set down for hearing, and same was had on December 18, 1940.

It appears that there was no appeal from the judgment of conviction, and unless it be shown that said judgment was absolutely void the writ prayed for should be refused.

The prosecution of relator was under Art. 1408 P. C., which provides: "If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life,· or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

It is relator's contention that he was convicted of "robbery with *firearms*," and that said statute does not authorize imprisonment for life for that offense, but only death or a *term of years*.

Attached to relator's application is the indictment under which he was convicted and the sentence of the court. No other proceeding in the trial court is exhibited or otherwise made known to us. We do not know what verdict the jury returned nor what judgment was entered on the verdict.

The indictment against relator, omitting formal parts, averred that he did *"make an assault* upon G. W. Lewis and his wife, Mrs. G. W. Lewis, and did then and there by said assault, and by violence, and by putting the said G. W. Lewis and Mrs. G. W. Lewis in fear of life and bodily injury, and by then and there using and exhibiting a firearm, to-wit: a pistol, fraudulently and against the will of the said G. W. Lewis and Mrs. G. W. Lewis" take the sum of $1,120.00 from their person and possession, etc.

It will be noted that said indictment charges ordinary robbery for which imprisonment for life may be inflicted, and then averred the use of a firearm, the State thereby availing itself of the aggravated penalty of death, if it desired to resort thereto.

In many authorities it has been held that the State may under a similar indictment waive, or dismiss, the allegation as to use of a firearm, and proceed against accused as for ordinary

robbery. See Sweeney v. State, 103 Texas Cr. R. 393, 281 S. W. 571; Crouch v. State, 87 Texas Cr. R. 115, 219 S. W. 1099; Gonzales v. State, 88 Texas Cr. R. 248, 226 S. W. 405; Weaver v. State, 52 Texas Cr. R. 11, 105 S. W. 189; Viley v. State, 92 Texas Cr. R. 395, 244 S. W. 538. It will be observed that the indictment here is different from the one appearing in the case last above cited over which some difference of opinion arose regarding the question then before us in that case. If the State abandoned the charge in the indictment of robbery by the use of firearms and proceeded against relator upon the charge of ordinary robbery, the conviction therefor would not have been void although the evidence may have shown that in fact a firearm was used. Carroll v. State, 42 Texas Cr. R. 30, 57 S. W. 99; Willis v. State, 129 Texas Cr. R. 278, 86 S. W. (2d) 784; Carpenter v. State, 124 Texas Cr. R. 313, 61 S. W. (2d) 849.

The sentence pronounced against relator recites that he had been adjudged to be guilty of "robbery," not "robbery with firearms," which would indicate that relator had been tried as for ordinary robbery, in which event the punishment assessed was specifically authorized by statute. (Art. 1408 P. C.)

No sufficient showing is made by relator that he is suffering imprisonment under a void judgment to call for the issuance of the writ of habeas corpus as prayed for, and same is denied.