# OCTOBER 22, 1941

ROSENDO ARGUIJO V. THE STATE.

No. 21649.  Delivered  June  11,  1941.
Rehearing  Denied  October  22,  1941.

The opinion states the case.

*Fred Hofstetter*, of Edinburg, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is robbery with firearms; the punishment, 99 years in the State penitentiary.

Appellant being without counsel, the trial court appointed an attorney to represent him. He made known to the trial court that he desired to plead guilty. Before accepting the plea, the nature and consequences of such a plea were fully explained to him. All statutory requirements necessary to a plea of guilty were complied with (Art. 501, C. C. P.). At the expiration of such admonition and explanation by the trial court, appellant persisted in his plea, asserting that he was guilty.

The facts show appellant guilty as an active participant in a robbery, consummated as a result of a prior conspiracy, and during which the injured party was seriously wounded by a pistol shot fired by one of the co-conspirators.

The only question presented relates to the failure and refusal of the trial court to permit appellant to file a motion for new trial several days after the expiration of the statutory two days' time. The right to file a motion for new trial after the expiration of the time allowed by statute is, ordinarily, in the discretion of the trial court, and his ruling will be reviewed only to determine whether that discretion has been abused. Adaire v. State, 91 S. W. (2d) 367, 130 Tex. Cr. R. 1.

In the motion so desired to be filed and considered, no statutory grounds upon which a new trial should be accorded are asserted. To the contrary, the motion is based largely upon equitable grounds only, and is to the effect that the attorney, who lived in another county, and who had been employed by appellant's parents to represent him, was unable to be in attendance upon the trial. It is significant to note that neither the appellant nor the trial court knew of such employment, prior to the trial. It is not alleged or asserted in the motion that appellant had any defense to the accusation, nor that the counsel appointed by the trial court to represent appellant, and who did represent him, did not do so properly.

The motion, however, does assert that the indictment is defective, and that the charge of the trial court failed to charge the law applicable to the case.

The indictment is in keeping with that often approved by this court and is, therefore, sufficient. Branch's P. C., Sec. 2379. We deem it unnecessary to discuss this matter further.

The charge which was given is as follows:

"The defendant stands charged by indictment with the offense of Robbery by firearms alleged to have been committed in the County of Hidalgo and State of Texas on or about the 26th day of January, A. D.1941. To this charge the defendant has pleaded "guilty," and he has persisted in entering such plea, notwithstanding the Court, as required by law, has admonished him of the consequences of the same; and it plainly appearing to the Court that the defendant is sane, and that he is not influenced to make this plea by any consideration of fear, nor by any persùasive or delusive hope of pardon prom*tp*ing him to confess his guilt, said plea is by the Court received, and you are instructed to find the defendant guilty as charged in the indictment and assess his punishment at death or at confinement in the penitentiary for a term of not less than five years."

Note is to be taken of the fact that such charge did not require the jury to find that the elements necessary to constitute the offense of robbery by firearms had been established by the evidence. Under such charge, the only issue for the jury to determine was that of punishment.

The question presented, then, is whether such charge was sufficient. Art. 658, C. C. P., requires that, in all felony cases, the jury must be given in charge the law governing the case. Where the trial is before a jury, the introduction of testimony upon a plea of guilty is only for the purpose of enabling the jury to fix the punishment; and, in such cases, the sufficiency of the evidence to support the conviction will be inquired into only when such evidence shows the innocence of the accused. Anderson v. State, 42 S. W. (2d) 1012, 118 Tex. Cr. R. 194; Vance v. State, 54 S. W. (2d) 118, 122 Tex. Cr. R. 157; Art. 502, C. C. P. The facts here presented raise no such inference. Hence, the guilt of the appellant became settled as a matter of law. It follows that, when the trial court so instructed the jury, he was correctly "setting forth the law applicable to the case."

From what has been said, it follows that the trial court did not abuse his discretion in failing to permit the motion for new trial to be filed, and that the judgment of conviction should be affirmed. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In appellant's motion for rehearing it is again urged that the indictment is defective. Upon further examination of said instrument we fail to discover wherein it is invalid. See Thompson v. State, 90 Tex. Cr. R. 125, 234, S. W. 406.

It is also insisted that in entering his plea of guilty appellant was in some way over-reached by the representatives of the State and was deprived of some rights guaranteed him by law, and was not advised of his rights at the time he entered his plea of guilty. Appellant brings forward in his bill of exception complaining of the action of the trial court in declining to permit a delayed filing of motion for new trial the evidence which he would have presented in connection with said motion. As a part of the court's qualification to said bill the evidence which would have been presented by the State resisting said motion is set out.

We have again carefully searched the record to the end that nothing be overlooked which might tend to show that appellant had been deprived of any right under the Constitution or laws.

The record shows that when appellant entered his plea of guilty, although he appeared to thoroughly understand English, the court had all questions and statements by the court translated by the regular court interpreter into Spanish, and the entire proceeding is brought forward as a part of the statement of facts. We discover nothing which would indicate that appellant was not fully apprised by the court of his (appellant's) every right under the law, or that he failed to fully understand them.

It is suggested that appellant was placed at a disadvantage in entering his plea of guilty at the same time a co-defendant also entered a similar plea. The record sustains the State's contention that this came about by appellant's own request, without suggestion from the representative of the State. It is also suggested that the injuries received by the victim of the

robbery resulted from shots fired by the said co-defendant, and not by appellant. The record indicates that appellant finds "cold comfort" from the fact so suggested. In appellant's confession he admits that he snapped his own pistol a number of times at the man they were robbing. That appellant did not either kill or wound their victim resulted from the failure of his gun to fire, and not to lack of intent on his part.

We here copy the trial court's conclusions in his qualification to the bill of exception under consideration.

"In refusing the Defendant's Motion for Leave to File belatedly his proposed Motion for a New Trial, the Court did not refuse the same merely because the motion for a new trial was made more than two days after judgment; but in overruling the Defendant's Motion for Leave to File his proposed Motion for a New Trial the Court considered all of the matters which had theretofore transpired in the proceedings in the presence of the Court, and further that the defendant, after conviction, and being fully informed as to his right to delay imposition of sentence, had expressly requested the Court to impose sentence, and further, because the Court, in looking to the proposed Motion for a New Trial which was attached as an Exhibit to the Motion for Leave to File the same, and looking also to the proposed Controverting Plea thereto, and looking also to the testimony which would have been given by the attorney Charles G. Lyman and Assistant Criminal District Attorney Jack Ross, and the statement of the testimony which attorneys stated that they expected to elicit from their respective witnesses, the Court concluded that the proposed Motion was without merit. That as to the matters therein alleged, which were non coram judici, they were immaterial and irrelevant, and as to the matters therein asserted in regard to the matters and incidents of the proceedings in the presence of the Court, they asserted no more than that the defendant did not remember or did not understand what he had waived or what he had been informed with reference to his rights, etc., and that his version thereof was at variance with the true state of affairs."

From the entire record we are impressed with the correctness of the trial court's conclusions.

The motion for rehearing is overruled.