## TOM RANDOLPH V. STATE

No. 28,133. March 14, 1956.
Appellant's Motion for Rehearing Denied May 2, 1956.

J. B. Sallas, Crockett, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully selling wine in a dry area; the punishment, a fine of $500.

It was stipulated that Houston County was a dry area.

Charles Beans, the alleged purchaser, testified that, on Saturday, October 8, 1955, around twelve o'clock noon, he went to the appellant's cafe and purchased a bottle of wine from appellant; that he then caught a ride to a roadside park, and, after drinking half of the wine, hid the rest under a culvert; that he was arrested around 2:00 P.M. at the park and, on the following Monday, went back to the park and got the wine from under the culvert and delivered it to a deputy sheriff. Beans identified a half-filled bottle of wine, which the state introduced in evidence, as the wine which he had purchased from the appellant. The evidence reflects that the transaction occurred in Houston County.

On cross-examination, the witness admitted having made and signed an affidavit to appellant's counsel on October 19, 1955, in which he had stated that he did not purchase any wine from the appellant on October 8, 1955, and that he had never purchased any from the appellant or any person employed by him. It was further stated in the affidavit by the witness that the reason he was making the same was to clear up a statement he made to the county attorney, in which he stated he purchased the wine from the appellant.

The affidavit was offered in evidence by the appellant.

The state offered in evidence an affidavit made by the witness, on October 10th, to the county attorney, in which he stated that he did purchase the wine from the appellant.

On re-direct examination, the witness testified:

"Q. * * * Why did you tell me and Mr. McNeil you bought wine at Tom's? A. I did.

"Q. Did you buy that wine from Tom? A. That is the same pint."

On re-cross-examination, the witness testified the reason he made the statement to appellant's attorney was to clear up any error he had made in the statement to the county attorney, and "I didn't want to get anybody in trouble," and, upon further re-cross-examination, testified that he did purchase the wine from appellant and identified the partially-filled pint as the bottle he purchased from appellant.

Appellant insists that the evidence is insufficient to support the conviction because the affidavit made by the witness to appellant's counsel contradicted his testimony given on his direct examination, in which he stated he did purchase the wine from appellant.

On the question of the effect of inconsistent statements of a state's witness, it is stated, in 18 Tex. Jur., Page 423, Sec. 301:

"The fact that a prosecuting witness made some contradictory statements with reference to certain phases of the evidence goes to the weight of his testimony, but the testimony is not thereby destroyed as a matter of law. Extra-forum statements of a witness for the state, inconsistent with his testimony, may be used to impeach his credibility, but his testimony is not necessarily to be rejected on the question of sufficiency for conviction. * * * "

A review of the witness' testimony does not reflect that he contradicted or retracted his testimony given on direct examination. To the contrary, on his re-direct examination, he reaffirmed the testimony which he had given on direct examination that he had purchased the wine from appellant. His testimony on direct examination remained before the jury.

The prior inconsistent statement which the witness made in his affidavit to appellant's counsel did not destroy his testimony given at the trial, but only affected the weight to be given to his testimony and his credibility as a witness.

The jury were the judges of the credibility of the state's witness and the weight to be given to his testimony, and we find his testimony sufficient to support their verdict.

At the conclusion of the state's testimony, appellant moved the court to strike all the testimony relating to the partially-filled bottle of wine and to instruct the jury to return a verdict of not guilty, on the ground that the testimony showed that the bottle of wine had been under the culvert and out of possession of the prosecuting witness for approximately two days and for such reason the transaction was too remote.

The court did not err in overruling appellant's motion, because the bottle of wine introduced in evidence was identified by the state's witness as the wine which he purchased from the appellant.

Finding the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

We cannot agree with appellant's contention that because the contradicting statement of the state's witness made to counsel for appellant was sworn to, his testimony at the trial was destroyed as a matter of law. It was for the jury to say whether his testimony at the trial was true and showed appellant's guilt, or whether it should be rejected.

Appellant urges that the court erred in admitting in evidence the prior affidavit of the prosecuting witness made to the county attorney. We need not consider whether or not, after the affidavit of the witness made to appellant's counsel had been offered, the court erred in ruling that the state would be permitted to offer the affidavit of the witness made to the county attorney. The record shows that appellant's counsel had full

opportunity to object when the statement was offered in evidence and read to the jury, but did not do so.

We remain convinced that the jury's verdict should not be set aside because of insufficient evidence.

Appellant's motion for rehearing is overruled.