**S. M. WESLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37992.**

Court of Criminal Appeals of Texas.

March 31, 1965.

---◆---

Herbert H. Landau, Dallas, for appellant.

Henry Wade, Dist. Atty., Neal English, Jim Miller, and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is attempted burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

The state's evidence shows that the prosecuting witness, Marion S. Carnes, owned and operated a cafe in the city of Dallas, located at 600 West Davis and known as "Naylor's Drive-In."

On the night of October 14, 1963, Carnes closed the place around 9:30 p. m. Later in the night, as Officer R. M. Williams was traveling on Davis Street near the drive-in he observed a person at the side of the building, with his hands on a window. The officer, having stopped for a signal light, went to a nearby telephone booth and called a dispatcher. As Officer Williams was proceeding back to the drive-in, he heard the breaking of glass and observed the person at the window picking up glass. After he had watched the person at the window for about a minute, a squad car drove up. Thereupon, the person at the window started walking in Officer Williams' direction and was ordered to stop, by the other officer. Appellant was identified by Officer Williams as the person who walked away from the window where the glass had been broken. C. T. Walker, the officer who arrived upon the scene and brought appellant to a halt, also identified him as the man.

Proof was made by the state of the two prior convictions by the introduction in evidence of the indictment, judgment, and sentence in the two cases, together with certain authenticated prison records and the comparison of fingerprints by an expert witness. The proof showed that appellant had twice been previously convicted of the offense of burglary in the Criminal District Court of Dallas County, the first conviction having been on March 9, 1955, and the second conviction on July 11, 1957.

Testifying as a witness in his own behalf, appellant denied that he attempted to burglarize the building on the night in question and stated that when stopped by the officer he was walking on a sidewalk by the place on his way home. He admitted the two prior convictions in 1955 and 1957, alleged in the indictment.

The jury by their verdict rejected appellant's testimony and accepted that of the state's witnesses.

We first overrule appellant's contention that the evidence is insufficient to support the conviction because certain arrest and offense reports introduced in evidence by appellant controverted the testimony of Officer Williams, who identified appellant as the person attempting to burglarize the building. The record reflects that Officer Williams did not make the reports introduced in evidence by appellant.

The only material difference between his testimony and the reports was that in the offense report it was stated that he observed the suspect throw a "chunk of concrete" through the window, whereas in his testimony he stated that such did not happen. It should be pointed out that had Officer Williams made the reports containing inconsistent statements this would not have destroyed his testimony given at the trial but only affected the weight to be given to his testimony and his credibility as a witness. Randolph v. State, 163 Tex.Cr.R. 156, 289 S.W.2d 772.

 We also overrule appellant's contention that the evidence is insufficient to support the judgment enhancing his punishment under Art. 63, supra, because the indictment in the prior conviction for burglary in 1955, in Cause No. 7098–JH, was fatally defective in that it failed to charge an offense. We have carefully examined the indictment and find the allegations sufficient to charge the offense of burglary.

The judgment is affirmed.

Opinion approved by the court.