Eugene A. TICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 41135.

Court of Criminal Appeals of Texas.

March 27, 1968.

Niland & Niland by Jack T. Niland, El Paso, for appellant.

Barton Boling, Dist. Atty., Robert D. Earp, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for felony theft; the punishment, seven years.

The indictment charged the theft of $11,000 in money from one Manuel Ruiz.

It was the state's contention, supported by the evidence, that appellant obtained the money by means of a false pretext, and, upon such theory, the issue of his guilt was submitted to the jury by the court in his charge.

The injured party, Manuel Ruiz, testified that he owned and operated the Ideal Tortilla Factory in the city of El Paso and that in the year 1963 he had some construction work done on a building by the Karam Construction Company. The total cost of construction was $41,000 plus cost of extra work and, under the terms of the contract, was to be paid in three payments. One payment was to made at the beginning of the contract, one in the middle of the construction, and one upon completion of the building. The injured party testified that on November 6, 1963, the appellant came to his place of business and said that Mr. Karam wanted his money. Thereupon, he gave appellant his company checkbook for him to make out the check. After appellant filled out the check, the injured party signed it and appellant left, saying that he would take it to Mr. Karam. The injured party testified that when he signed the check, which was drawn on his business account at the State National Bank in the sum of $11,000, it was made payable to "Karam Construction Company." It was shown that the check in question was, on November 6, charged to the account of Ideal Tortilla Factory in the State National Bank and deposited to the account of Karanette Construction Company, of which appellant was the sole owner. At such time, the check was payable to "Karanette Construction Company." The injured party testified that he did not give appellant au-

thority to alter the check or to do anything with it other than deliver it to Mr. Karam.

It was further shown that appellant had no authority from Eddy Karam, the owner of Karam Construction Company, to solicit the check from the injured party and, further, that Karam did not receive the check.

Testifying in his own behalf, appellant admitted receiving the check from the injured party but swore that it was for a loan to him. Appellant denied that he wrote the name "Karam," as payee, on the check, but said that it was written "Karanette Construction Company."

Appellant's sole ground of error is that the trial court committed error in failing to grant his motion for new trial.

It is appellant's contention that because of certain contradictions in the injured party's testimony and contradicitions between his (the latter's) testimony and that of other witnesses in the case, the injured party's testimony was obviously false and, for such reason, his (appellant's) conviction should not be allowed to stand.

In his brief, appellant points to certain testimony given by the injured party at the trial which was in conflict with statements he had made to the police and at an extradition hearing relative to whether the check was for the second or last payment on the contract and also as to the amount of certain checks given for the second payment and who wrote them and whether he had ever asked appellant to talk to the contractor, Karam, and inquire how the work was progressing. Reference is also made to conflicts between the injured party's testimony and that of other witnesses at the trial with reference to whether appellant and a real estate firm had anything to do with obtaining the construction contract for Karam and whether the injured party knew Karam before the construction was begun.

 The fact that the injured party had made prior inconsistent statements did not destroy his testimony given at the trial but only affected the weight to be given his testimony and his credibility as a witness. Randolph v. State, 163 Tex.Cr.R. 156, 289 S.W.2d 772.

The further fact that there were contradictions between the testimony of the injured party and other witnesses called by the state did not destroy his testimony, as the jury were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. Hilliard v. State, 170 Tex.Cr.R. 290, 340 S.W.2d 494.

In connection with appellant's contention, it should be observed that at the trial it was necessary for the injured party, while testifying as a witness, to speak through an interpreter and that his testimony was being given in the year 1967 relative to events which occurred in the year 1963.

The ground of error is overruled.

The judgment is affirmed.