E. L. (Sonny) LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41982.

Court of Criminal Appeals of Texas.

March 26, 1969.

R. H. Weaver, Big Spring (Court Appointed on Appeal Only), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a 1964 conviction for robbery by assault with firearms with punishment assessed at 25 years' confinement in the Texas Department of Corrections.

The record was received and filed in this court on February 6, 1969. Since the timely notice of appeal was given on March 13, 1964, this appeal will be governed by the 1925 Code of Criminal Procedure. The law in effect at the time of the giving of the notice of appeal furnishes the rule by which an appeal in a criminal case is governed. De La Rosa v. State, Tex.Cr. App., 414 S.W.2d 668; Ross v. State, Tex. Cr.App., 403 S.W.2d 138; Rivera v. State, Tex.Cr.App., 403 S.W.2d 130; Jones v. State, Tex.Cr.App., 406 S.W.2d 451; Carter v. State, Tex.Cr.App., 408 S.W.2d 507.

The reason for the long delay in this appeal does not appear from the record.

A motion for extension of time to obtain the statement of facts filed several months after notice of appeal by appellant's appointed trial counsel indicates that appellant was improperly delivered shortly after notice of appeal to the penitentiary and then was taken to Wichita County on a bench warrant and that counsel had encountered difficulty in securing the necessary pauper's oath for appeal. An extension of 45 days was granted on June 29, 1964.

Appellant's appellate counsel was appointed on November 22, 1968, which is the same date that the statement of facts was certified to by the court reporter and approved by the court with the agreement of appellant's court appointed trial counsel and the district attorney.

Initially, appellant complains the court erred in failing to respond to his timely presented written objection that the court's charge failed to instruct the jury "not to consider the confession" of the co-defendant "as evidence against him" (the appellant).

Appellant cites the general rule that the separate confession of one co-principal to a crime is ordinarily inadmissible against the other co-principal. See 24 Tex.Jur.2d, Evidence, Sec. 668, p. 272. He calls our attention to the line of cases holding that when jointly tried the confession of a co-defendant is admissible against the one who made it but is not admissible against his co-defendants, and upon proper request or objection limiting instructions to the jury should be given. None of the cases cited, however, involved pleas of guilty at a joint trial.

The record reveals that on February 18, 1964, the appellant and his co-defendant, Richard Earl Snider, who had been separately indicted, were jointly tried before a jury on their pleas of guilty to the capital offense of robbery by assault with firearms. No motion for severance was filed though severance existed at the time of appellant's trial as a matter of right. Article 650, Vernon's Ann.C.C.P., 1925, (now Article 36.09).

At the trial the separate confessions of the appellant and the co-defendant Snider were introduced into evidence without objection. The confessions while markedly similar as to the facts they relate did not implicate the other co-defendant by name. The co-defendant Snider's confession merely referred to his companion on the night in question as "a friend of mine," "we" or "us," etc.

Prior to the charge being read to the jury appellant objected in writing that the court's charge failed to instruct the jury not to consider the co-defendant's confession as evidence against the appellant. Such objection was overruled.

■ "It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State, Tex.Cr.App., 430 S.W.2d 494 and cases there cited.

■ "Where the guilty plea is before the jury, the presumption of innocence does not obtain under the plea and there is no issue of justification under it. Sullivan v. State, 47 Tex.Cr.R. 615, 85 S.W. 810; Garcia v. State, 91 Tex.Cr.R. 9, 237 S.W. 279. See also Jackson v State, 155 Tex.Cr.R. 466, 236 S.W.2d 623. Where such a plea is before a jury, the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt. Alexander v. State, 69 Tex.Cr.R. 23, 152 S.W. 436." Darden v. State, supra.

In Arguijo v. State, 142 Tex.Cr.R. 467, 154 S.W.2d 656 (robbery by firearms) it was pointed out that since the only issue in such cases for the jury's determination is punishment where a proper plea of guilty has been entered, a charge submitted without requiring the jury to find the elements necessary to constitute the offense charged satisfies the statute requiring a charge to correctly set forth the law applicable to the case. See also Aills v. State, 114 Tex.Cr.R. 345, 24 S.W.2d 1097.

In light of these cases and since the only issue was punishment, it may well be argued that the objection did not distinctly specify the supposed error and point out to the court what was desired. Article 658,

V.A.C.C.P., 1925, n. 64 (now Article 36.14). See Green v. State, 144 Tex.Cr.R. 186, 161 S.W.2d 114.

Further, Article 666, V.A.C.C.P., 1925 (now Article 36.19), in effect at the time of appellant's trial, expressly provided that a judgment shall not be reversed for an error in the charge unless the error was calculated to injure the rights of the defendant. Lacy v. State, Tex.Cr.App., 424 S.W.2d 929.

■ If the trial court's action here was error, we cannot conclude, under the particular facts presented, that it was such harmful error as to call for reversal. The co-defendant's confession did not expressly implicate the appellant, the guilty plea foreclosed the question of appellant's guilt, no effort was made at any time to withdraw the plea of guilty, and the jury had only to pass upon punishment and the co-defendant received the same penalty.

Nor can we agree that Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 is here applicable. See United States ex rel. Catanzaro v. Mancusi (CA 2), 404 F.2d 296.

Ground of error #1 is overruled.

■ Next, appellant complains of the introduction, over objection, of testimony of the witness Yanez relating to the fact that Yanez's automobile was struck on the night of the alleged robbery by a Buick automobile containing two men which ran a red light at an intersection in the City of Big Spring. Since appellant's confession, admitted without objection, reflects that in flight from the scene of the robbery appellant and his companion struck another automobile and since Officer Armstrong, without objection, testified that appellant was the driver of a Buick automobile containing two men at and near the time and place in question, we perceive no error. It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were shown by evidence not objected to. 5 Tex.

Jur.2d, Sec. 446, p. 704, and cases there cited. Freeman v. State, 172 Tex.Cr.R. 389, 357 S.W.2d 757; Moseley v. State, 158 Tex.Cr.R. 578, 258 S.W.2d 331. Further, evidence of flight is always admissible.

Ground of error #2 is overruled.

The judgment is affirmed.