**Robert James SHIRDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41936.**

Court of Criminal Appeals of Texas.

April 9, 1969.

John R. Coe, Houston, court-appointed counsel, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and F. M. Stover, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, 50 years.

Three grounds of error are set forth in appellant's brief, none of which has merit.

■ Ground No. 1 complains of the overruling of appellant's second motion for continuance in which he sought to have trial delayed until the state furnished him a copy of the transcript and statement of facts in the case against his co-principal Rodney Frank.

Appellant's contention is that the court's refusal to furnish his court appointed counsel with a copy of the record he would have acquired had he not been indigent, to enable his counsel to effectively cross-examine the witnesses called by the state, was tantamount to discrimination against appellant on the ground of his indigency.

The trial court did not err in overruling the motion for continuance.

■ Ground of error No. 2 seeks to couple complaints to the overruling of a motion for mistrial made during argument on guilt or innocence and the overruling of a similar motion made during argument on punishment. The ground of error does not comply with the requirement of Art. 40.09(9) Vernon's Ann.C.C.P. The claimed error is not before us for review. Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; Keel v. State, Tex.Cr.App., 434 S.W.2d 687.

■ We have examined the record in regard to the motions for mistrial and find no error in the court's ruling thereon.

■ The remaining ground of error complains that the court denied appellant's right to produce any evidence at the punishment hearing.

The record does not support the claimed error.

The judgment is affirmed.