Calvin **YOUNG**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42489.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

---

Darryl G. Campbell, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and Allen L. Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

First, appellant contends his prior conviction for robbery by assault in 1964 was void and not available to the State for the purpose of enhancement. This claim is based upon his contention that his court appointed counsel at the 1964 trial at which he pled guilty did not waive the ten days' preparation period afforded him by Article 494, V.A.C.C.P., then in effect. See now Article 26.04(b) Vernon's Ann.C.C.P., 1965.

 There is nothing in the record before us to support this claim. Testifying in his own behalf at the guilt stage of the trial, appellant admitted his prior conviction for robbery. Record evidence of such conviction offered without objection at the penalty stage of the proceedings reflects that appellant was represented by counsel. The record does not reflect whether such counsel was retained or appointed. In absence of a showing that an accused was indigent, the court is under no duty to appoint counsel for him.[1] Clark v. State, Tex.Cr.App., 417 S.W.2d 402. If counsel was, in fact, appointed, there is no showing that appointment was less than ten days prior to trial,[2] or that the appellant and counsel did not waive in writing the ten days' preparation period. In light of the record, we are in no position to appraise appellant's contention. It appears the prior conviction was clearly admissible. Johnson v. State, Tex.Cr.App., 432 S.W.2d 98.

Still further, we note that while the requirements of Article 494, supra (now Article 26.04(b), supra) have been held to be mandatory and a failure to comply will call for reversal on direct appeal, Steward v. State, Tex.Cr.App., 422 S.W.2d 733, it has now been held that where no request for additional time is made and no injury or harm is shown, the failure to sign such waiver of the statutory preparation period will not entitle an accused to relief by habeas corpus or post conviction or collateral attack. See Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666, overruling a number of cases to the contrary.

Ground of error #1 is overruled.

In his second ground of error appellant contends the trial court erred in permitting the testimony of Danny Elmore, who was in the courtroom in violation of the rule during the testimony of the complaining witness. See Article 36.03, V.A.C.C.P.

The witness Elmore denied being in the courtroom after the rule was invoked. The appellant and one of his attorneys testified that they saw Elmore in the courtroom during the testimony of the complaining witness. No reason was assigned for their failure to call the matter to the court's attention at the time. The court overruled the appellant's objection and permitted Elmore's testimony.

 It is well established that "the ruling of the trial court on an objection to a witness' testifying when he has remained in the courtroom, after having been placed under the rule, may not be relied upon as ground for reversal unless an abuse of discretion is shown; and until the contrary has been made to appear, it will be presumed on appeal that discretion was properly exercised." Davidson v. State, Tex. Cr.App., 386 S.W.2d 144.

 The appellant urges that the witness Elmore, who was called in rebuttal by the State, supported the complaining witness' testimony and contradicted the defense testimony "as to material allegations." He does not further elaborate.

1. Such statement must be read in light of Article 1.13 (former 10a) V.A.C.C.P., 1965; relating to waiver of trial by jury in felonies less than capital and requiring that before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him. Such requirement is not dependent upon the defendant's indigency.

2. If the appointment of counsel is more than ten days prior to trial, Article 26.-04(b), supra, is not applicable. Lamar v. State, Tex.Cr.App., 415 S.W.2d 926; Steward v. State, Tex.Cr.App., 422 S.W.2d 733; Henry v. State, Tex.Cr.App., 433 S.W.2d 430.

We cannot conclude that the trial judge abused his discretion.

Ground of error #2 is overruled.

 Appellant's complaints as to the prosecutor's jury argument are all grouped under his third ground of error. This would not appear to comply with the requirements of Article 40.09, Sec. 9, V.A.C. C.P. See also Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Shirden v. State, Tex.Cr. App., 439 S.W.2d 348; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346. Nevertheless, we have examined the complained of argument and do not find the same to be improper.

Ground of error #3 is overruled.

The judgment is affirmed.