Walter THOMAS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 41962.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

**908**

Stewart Frazier, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment, ninety-nine years.

This is a companion case with Thornton v. State, 451 S.W.2d 898 and Lampkin v. State, 451 S.W.2d 911.

■ In the first ground of error, appellant contends that reversible error was committed when he was brought before the jury panel in white overalls.

The record reflects that appellant appeared before the jury panel for approximately thirty minutes during the voir dire examination in prison overalls. He preferred to wear the jail clothing, because he thought his regular clothes were too dirty; the court insisted that appellant wear street clothes, and he did so during the remainder of the voir dire examination and during the trial.

There is no showing of any injury or prejudice to appellant. In the absence of such showing, no reversible error is presented. Wilkinson v. State, Tex.Cr. App., 423 S.W.2d 311, and Xanthull v. State, Tex.Cr.App., 403 S.W.2d 807.

Appellant's second, fifth, sixth, seventh, eleventh and thirteenth grounds of error pertaining to severance, the lineup, the introduction of testimony seized without a search warrant and the remark of the prosecuting attorney were overruled in Thornton v. State, supra.

All of these grounds of error are overruled.

■ In addition to the motion for severance in the second ground of error, appellant contends that his attorney did not have time to prepare for trial.

The record reflects that counsel was appointed to represent appellant on February 29, 1968, and the trial started April 17, 1968. Appellant's counsel had more than the ten days allowed under Article 26.04, Vernon's Ann.C.C.P., to prepare for trial. No prejudice is shown the appellant. This contention is overruled.

■ In the third ground of error, it is contended that the trial court erred in granting the State's motion to strike from the indictment the words "and then and there, by using and exhibiting a firearm, to wit: a gun." It is contended that this is a matter of substance under Article 28.10, V.A.C.C.P., and cannot be amended.

The court did permit the State to strike the firearm part of the indictment. No objection was made to the action of the court. In Ex parte Layman, 140 Tex.Cr.R. 531, 146 S.W.2d 405, this Court held that where an indictment charged ordinary robbery and then averred the use of a firearm, the State could abandon the charge of robbery with a firearm, and a conviction for ordinary robbery would be valid notwithstanding evidence may have shown that in fact a firearm was used. See Yeagin v. State, Tex.Cr.App., 400 S.W.2d 914. No error is shown. The third ground of error is overruled.

■ In the fourth ground of error, appellant contends that the indictment does not allege by what means or method an assault was made upon Thomas E. Johnson, or what means was used to make him fearful of his life or bodily injury, and that the indictment was confusing and repugnant and did not set forth in plain and intelligible words and in direct and certain and positive manner the elements of the offense charged.

An indictment in substantially the same form was approved by this Court in Hunter v. State, 119 Tex.Cr.R. 558, 45 S.W.2d 969, and in Arguijo v. State, 142 Tex.Cr.R. 467, 154 S.W.2d 656. See 5 Branch's Ann.P.C.2d, Sec. 2566. The indictment is sufficient; the fourth ground of error is overruled.

**910**

In the eighth ground of error, it is contended that the trial court erred in refusing to strike the testimony of Gerald Lamb because he had previously stated that he thought that there were four assailants when he and Johnson were awakened that night. He testified that there were only three assailants. Other instances which appellant considered to be inconsistencies were pointed out to the court.

The jury passes upon the credibility of the witnesses, the weight to be given their testimony, and is the exclusive judge of the facts proved. Article 38.04, V.A.C.C.P. In Tice v. State, Tex.Cr.App., 425 S.W.2d 824, this Court held the fact that an injured party had made prior inconsistent statements did not destroy his testimony given at the trial, but only affected the weight to be given his testimony and his credibility as a witness. See Randolph v. State, 163 Tex.Cr.R. 156, 289 S.W.2d 772. The court did not err in refusing to strike the testimony of the witness Lamb.

In the ninth ground of error, it is contended that error was committed when the State was permitted to ask leading questions. It does not state which witness was testifying, what testimony was given or what questions were asked, neither the questions nor answers are set out.

This does not comply with Article 40.09, Sec. 9, V.A.C.C.P., which provides, in part:

"[T]his brief shall set forth separately each ground of error of which defendant desires to complain on appeal and may set forth such arguments as he deems appropriate. Each ground of error shall briefly refer to that part of the ruling of the trial court, charge given to the jury, or charge refused, admission or rejection of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court. * * *"

See Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Shirden v. State, Tex.Cr.App., 439 S.W.2d 348; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346; and Young v. State, Tex.Cr.App., 448 S.W.2d 484, and McLeod v. State, Tex.Cr.App., 450 S.W.2d 321.

The ninth ground of error is overruled.

In the tenth ground of error, it is contended that the prosecutor displayed past criminal records of appellant's at the guilt stage of the trial.

There is no showing that the jury saw the records or knew the past criminal record of appellant. The tenth ground of error is overruled.

The twelfth ground of error is as follows:

"This appears in the Statement of Facts, at page 284, line 24, wherein the court holds that a witness called for the defendants would not be permitted to testify for the limited purpose only."

This is not sufficient to call to the trial court's attention the matter about which he complains and does not comply with Article 40.09, Sec. 9, supra, discussed in ground of error number nine.

In the last ground of error, it is contended that the court erred in allowing the prosecutor to encourage the complaining witness Johnson to use unnecessary, vile and profane language of the defendant Lampkin.

There is no objection to any of this testimony. These were some of the statements made by one of the defendants during the robbery and the abduction of the complaining witnesses and were res gestae of the offense. No error is shown. The ground of error is overruled.

The judgment is affirmed.

ONION, Judge (concurring).

For the reasons set forth in this writer's concurring opinion in Thornton v. State, 451 S.W.2d 898, I concur in the results here reached.