**Robert McDONALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43326.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Feb. 3, 1971.

Otis Scruggs, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated assault by an adult male on a female. The punishment of six months in jail was assessed by the jury.

Appellant's sole contention is that the complaining witness's testimony was so contradictory that she was not worthy of belief and that the jury erred in believing her.

The State's case rested entirely on the testimony of the prosecutrix. She testified that at approximately 5:30 a. m. on the

date in question the appellant came to her apartment. When she asked appellant what he wanted, he grinned and she closed the door in his face. He then broke in through a window, threatened her with a wrench, hit her about the head and face with his fists, and forced her to have sexual intercourse with him. The neighbors in the duplex where she lived called the police who arrived while appellant was still there.

Appellant testified that he and the prosecutrix had been intimate. His version was that he went to her apartment to tell her that he could not take her to Galveston. She was angry with him, because he had been going with another girl, and he testified that the charges were trumped up because of jealousy and hatred.

■ There were apparent inconsistencies in the testimony of prosecutrix as to some of the details of what occurred at the apartment, but there were none about his striking her with his fists or threatening her with a wrench.

The jury is the exclusive judge of the facts proved and of the weight to be given the testimony. Article 38.04, Vernon's Ann. C.C.P. Lacy v. State, Tex.Cr.App., 412 S.W.2d 56.

The fact that a witness makes contradictory or inconsistent statements does not destroy his testimony as a matter of law. Randolph v. State, 163 Tex.Cr.R. 156, 289 S.W.2d 772; Hilliard v. State, 170 Tex. Cr.R. 290, 340 S.W.2d 494; Flores v. State, Tex.Cr.App., 372 S.W.2d 687, and Lacy v. State, supra.

■ The evidence is sufficient to support the conviction.[1]

The judgment is affirmed.

---

1. A conviction of a lesser grade of offense will be sustained even though the evidence shows a greater offense has been committed. See Carr v. State, 158 Tex. Cr.R. 337, 255 S.W.2d 870, and Ludwig v. State, 164 Tex.Cr.R. 295, 298 S.W.2d 166.

A verdict is not contrary to the law and evidence where a defendant is found guilty of an offense of inferior grade to, but of, the same nature as the offense proved. Article 40.03, Section 9, V.A. C.C.P.