**Tim Carl ANDERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44341.**

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

Tom Upchurch, Jr., James D. Durham, Jr., Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Kerry Knorpp, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is from a conviction for sale of a dangerous drug, to wit: LSD, where the punishment was assessed by the jury at 5 years.

After being duly and carefully admonished by the trial court the appellant entered a plea of guilty before the jury.

The 18 year old appellant voluntarily took the stand and admitted the sale of four tablets of LSD on July 1, 1970, and that he had swallowed the remaining 18 tablets at the time of his arrest shortly after the sale. He acknowledged he had on previous occasions sold LSD and marihua-

**218**

na. The 19 year old individual to whom the sale of the LSD was made on July 1, 1970, as well as an Amarillo police officer and a chemist testified. Appellant's mother and father were called as witnesses in his behalf.

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State (Tex.Cr. App.1968) 430 S.W.2d 494, 495 and cases there cited; Lewis v. State (Tex.Cr. App.1969) 438 S.W.2d 816; Reyna v. State (Tex.Cr.App.1968) 434 S.W.2d 362; Renesto v. State (Tex.Cr.App. 1970) 452 S.W.2d 498.

Appellant does not challenge this proposition of law but "complains that he was denied due process as guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution due to the conduct of the State's counsel during the cross-examination of appellant."

Appellant then directs our attention to seven different instances of allegedly improper cross-examination by citing record page and line number. He fails to point out how such interrogation violates the constitutional provisions mentioned. Thus a serious question is presented of whether there has been a compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

We have reviewed the cross-examination complained of and find that each instance where there was any question as to whether the interrogation was improper the trial court promptly sustained the objection and no further relief was requested. It must be remembered that wide latitude is allowed on cross-examination, and while the issue of guilt had been foreclosed, the issues of punishment and probation were before the jury.

Appellant concedes that "not any single thing done by the State's attorney could be considered error" but urges that when the acts are considered collectively it is inescapable that he did not receive a fair trial and was denied due process. We do not agree.

The judgment is affirmed.

DOUGLAS, J., concurs in result.