**Jerry EICKENHORST, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–744CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1983.

Discretionary Review Refused Nov. 30, 1983.

Ronald R. Pope, Sugar Land, for appellant.

Fred M. Felcman, Richmond, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appeal is taken from a conviction for the offense of felony escape. The jury found that Jerry Sol Eickenhorst (appellant) had been twice before convicted of felony offenses, and punishment was assessed at life. TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1974). We affirm.

In his first ground of error, appellant challenges the sufficiency of the evidence, based on the State's failure to prove that he escaped "after having been arrested for an offense, to wit: felony escape." The constituent elements of the crime of escape, as defined in TEX.PENAL CODE ANN. § 38.07(a) (Vernon 1974), are that a person (1) escape (2) from custody (3) after having been arrested for, charged with, or convicted of an offense. An offense under this section is a misdemeanor. Section 38.07(c) provides that an offense under this section is a felony of the third degree if the person (1) is under arrest for, charged with, or convicted of a felony or (2) is confined in a penal institution, after having been arrested for, charged with, or convicted of any offense, whether a felony or misdemeanor.

*Ex Parte Abbey,* 574 S.W.2d 104 (Tex.Cr. App.1978).

The indictment charging appellant in this cause recites, in relevant part:

[D]id then and there after being arrested for an offense, to wit: felony escape, did intentionally and knowingly escape from the custody of Herb Robertson, a peace officer, while confined in a penal institution, to wit: the Fort Bend County Jail.

Appellant argues that there was no evidence to prove he was arrested for *felony* escape, and insufficient evidence to prove that he was arrested for the offense of escape. He contends the testimony of Stephen Clatt, an accomplice witness, was not adequately corroborated as required by TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979).

The Court of Criminal Appeals has determined that allegations not essential to constitute an offense, and which could be omitted without affecting the charge against the defendant and without detriment to the indictment, are treated as surplusage, and may be entirely disregarded. *See Ferguson v. State,* 572 S.W.2d 521, 524 (Tex.Cr.App.1978); *Burrell v. State,* 526 S.W.2d 799, 802–803 (Tex.Cr.App.1975). The offense of felony escape is complete if a person, arrested for, charged with, or convicted of an offense, escapes while confined in a penal institution. *See* TEX.PENAL CODE ANN. § 38.07(c)(2); *Ex Parte Abbey, supra.* If the word "felony" is treated as surplusage, all of the essential elements of the offense remain.

Stephen Clatt testified that on August 28, 1980, he and appellant left a church meeting at the Fort Bend County Jail through a fire escape door, and were later arrested in New Mexico. When asked if he knew why appellant was in jail prior to their escape, Stephen Clatt stated that appellant told him he was in for escape.

Aubry Dean Elwood, a fellow inmate of appellant and Clatt, testified for the State that he attended a church meeting held in the Fort Bend County Jail on August 28, 1980, and, during that time, he saw appellant and Stephen Clatt leave the jail through the fire escape door. We hold this evidence sufficient to corroborate the accomplice testimony of Stephen Clatt. The requirement that the nonaccomplice witness evidence tend to connect the defendant with the commission of the offense does not mean the corroborative evidence must establish every material or incriminating fact alleged against the accused. *Paulus v. State,* 633 S.W.2d 827, 833 (Tex.Cr. App.1981); *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974). Therefore, we find Stephen Clatt's testimony sufficient to prove appellant was in jail for escape at the time of the offense in issue.

Appellant also argues that the State failed to prove that Herb Robertson was a peace officer, as alleged in the indictment. Herb Robertson testified that he was a jailer with the Fort Bend County Sheriff's Department, that he was a "representative" of the sheriff, and that appellant was in his custody at the time of escape. We find this evidence sufficient to show Robertson was a deputy sheriff, and therefore, a peace officer. *See* TEX.CODE CRIM.PROC.ANN. art. 2.12 (Vernon 1977). We overrule appellant's first ground of error.

In ground of error two, appellant asserts the trial court erred in denying his motion for mistrial, and in refusing to allow him to question the jurors, to support his allegations that several jurors saw him in handcuffs as he was being brought to the courtroom. While the record reflects that appellant filed a motion for new trial alleging this error, he failed to include any affidavits to show to what the jurors would have testified with regard to the matter in issue. Neither did he secure the Court's ruling on his motion. Appellant has waived his right to complain on appeal. *See Adams v. State,* 514 S.W.2d 262 (Tex.Cr.App.1974). We overrule this ground of error.

In his third ground of error, appellant contends that a prior conviction used to enhance his punishment is void. The State alleged, to enhance punishment in this case, that appellant was convicted in 1977 in

Cause No. 262,127 in the District Court of Harris County for the offense of unlawfully receiving a stolen credit card. *See* TEX. PENAL CODE ANN. § 32.31(b) (Vernon 1982). Appellant argues that the indictment in this case is fatally defective because (1) it fails to allege a culpable mental state, i.e. that he *intentionally and knowingly* received a credit card with intent to use it, knowing it was stolen and (2) it does not state that the intent to use the card was without the effective consent of the complainant.

The elements of the offense of unlawfully receiving a stolen credit card are (1) a person (2) with knowledge that it has been stolen (3) receives a credit card (4) with intent to use it. Neither of the elements asserted by appellant are essential parts of the offense in question. *See Ex parte Williams,* 622 S.W.2d 876 (Tex.Cr.App.1981); *Ex parte Clark,* 588 S.W.2d 898 (Tex.Cr.App.1979). We overrule ground of error three.

■ In ground of error four, appellant argues that a prior conviction of robbery by assault, used to enhance punishment, is void. The State alleged that appellant was convicted in 1969 in Cause No. 30,876 in the District Court of Galveston County for the offense of robbery by assault. Appellant contends the indictment in this cause is fatally defective because it fails to allege a culpable mental state as required by TEX. PENAL CODE ANN. § 6.02 (Vernon 1974). We disagree.

Appellant was convicted of robbery by assault, as defined in TEX. PENAL CODE ANN. art. 1408 (1925) (repealed 1974). Article 1408 provides, in pertinent part:

If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished with confinement. . . .

We hold appellant's indictment to be sufficient under the prior law. *See Ex parte Layman,* 140 Tex.Cr.R. 531, 146 S.W.2d 405 (1941). We overrule ground of error four.

■ In ground of error five, appellant contends the trial court erred in overruling his motion to quash the pen packet admitted as State's Exhibit Number One. The certification of the record clerk of the Texas Department of Corrections reflects that the attached record in the exhibit belongs to "Jerry Sol Eickenhorst, TDC # 204682." However, the fingerprint card included in the packet identifies appellant as "Jerry Sol Eickenhorst, TDC # 205624." Appellant argues that the discrepency between the two prison record numbers renders such documents untrustworthy and, thus, inadmissible. We disagree. At the punishment stage of the trial, a fingerprint expert testified that the fingerprints contained in State's Exhibit One matched those he had taken from appellant that day. We find such testimony was sufficient to authenticate the prison records. *See Williams v. State,* 461 S.W.2d 614 (Tex.Cr.App.1970); *Hicks v. State,* 482 S.W.2d 186 (Tex.Cr.App. 1972). We overrule ground of error five.

■ In ground of error six, appellant contends the trial court erred in overruling his objections to the charge on guilt or innocence. He argues that the definitions set out on page two of the charge do not comport with the indictment or the statutory definitions. We disagree.

The following definitions are set out in the charge:

A person arrested for an offense commits an offense if he escapes intentionally or knowingly from custody.

It is unlawful if the defendant is confined in a penal institution.

"Custody" means detained or under arrest by a peace officer.

"Escape" means unauthorized departure from custody.

"Penal institution" means a place designated by law for confinement of persons arrested for, charged with, or convicted of an offense.

We find these definitions sufficient to instruct the jury regarding the law relative to the offense, and, looking at the charge as a whole, we find no error. See *Jackson v.*

*State*, 591 S.W.2d 820 (Tex.Cr.App.1979); *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr. App.1978).

In ground of error seven, appellant argues the trial court erred in limiting his cross-examination of accomplice, Stephen Clatt, based on Clatt's assertion of his fifth amendment privilege. We find no merit in this contention. While witness Clatt asked that his fifth amendment privilege be invoked on two occasions, in neither instance did the trial court grant such request; rather, it sustained an objection by the State to one of the questions based on other grounds. Appellant later asked the same question, and it was answered. We overrule ground of error seven.

In his eighth ground of error, appellant contends the court erred in failing to formally appoint his counsel ten days prior to trial. TEX.CODE CRIM.PROC. ANN. art. 26.04 (Vernon 1966). The Court of Criminal Appeals has held that it is the actual preparation time, not the time of formal appointment, that determines whether defendant has been given the mandatory preparation time for trial as set out in Article 26.04(b). *Hamel v. State*, 582 S.W.2d 424 (Tex.Cr.App.1979); *Henson v. State*, 530 S.W.2d 584 (Tex.Cr.App.1975); *Moore v. State*, 493 S.W.2d 844 (Tex.Cr. App.1973). In the instant case, appellant's counsel told the court he had been appointed to represent appellant on a prior indictment, not on the present indictment. He stated, however, that he had talked with the Court about the fact he was to be appointed to represent appellant "in these cases" and that he couldn't "quarrel with the time." It is apparent from counsel's statements that his contention is based on the failure of the court to make a formal appointment, and not with any failure by the court to provide him with adequate preparation time. We overrule ground of error eight.

In ground of error nine, appellant contends the trial court erred in admitting over objection five "pen packets" intro-

duced by the State, because he was not furnished a copy prior to trial in accordance with TEX.REV.CIV.STAT.ANN. art. 3731a, § 3 (Vernon Supp.1982–83).

In *Denham v. State*, 428 S.W.2d 814 (Tex. Cr.App.1968), the Court held that TEX. CODE CRIM.PROC.ANN. art. 37.07, § 2(b)[1] put every accused on notice that the State may show his prior criminal record. Therefore, in the absence of undue surprise, prison records are admissible, even though no copies are furnished to the defendant. *Id.* at 817. In the instant case, two prior convictions were alleged in the indictment charging appellant, placing him on notice that the prior convictions must be established. We hold the "pen packets" were admissible, and overrule ground of error nine.

The judgment is affirmed.

---

1. Now see TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3 (Vernon 1967).