

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00438-CR

JUAN ANSELMO MAESTAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 082039-D-CR, Honorable Steven Denny, Presiding

August 20, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Juan Anselmo Maestas appeals from his jury conviction for continuous sexual abuse of children. His sole issue concerns the sufficiency of the evidence underlying the verdict. We affirm.

***Background***

Appellant was married to the complainants' grandmother for some thirty years. During the midst of the grandmother's declining health and separation from appellant, the complainants (his two step-granddaughters) revealed he had touched their vaginas, put

his mouth on their vaginas, and made them put their mouths on his penis. These actions occurred several times over a period of years when they were under the age of fourteen.

Appellant was tried before a jury during which the victims and other witnesses testified. The jury found him guilty of the charged offense.

### *Analysis*

Through his sole issue on appeal, appellant contends the evidence was insufficient to support his conviction because the testimony of each of the victims was successfully impeached at trial as they had previously denied any sexual abuse. Further, appellant argues, there was no evidence to show any of the alleged acts were committed with the intent to arouse or gratify sexual desire. We overrule the issue.

The applicable standard of review is that discussed in *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), *Merritt v. State*, 368 S.W.3d 516 (Tex. Crim. App. 2012), and *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). We will apply it here and while doing so, consider all the evidence favorable to the verdict, even if inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

As noted, the State indicted appellant for continuous sexual abuse of a child. The crime occurs when "during a period that is 30 or more days in duration" a 17-year-old or older person "commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims" and the victim is "younger than 14 years of age . . . ." TEX. PENAL CODE ANN. § 21.02(b)(1), (b)(2)(A). A review of the evidence at bar illustrates that appellant sexually abused his two step-granddaughters. The acts included touching their vaginal areas, putting his mouth on their vaginal areas, and making the two girls put their mouths on his penis. He did so more than twice during a period spanning more than thirty days. And, at the time, the

2

girls were under fourteen years of age. In fact, the victims' testimony shows these acts occurred on many occasions for many years, all while the girls were under thirteen years of age. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (uncorroborated testimony of victim is sufficient to support conviction for sexual offense if victim was seventeen years of age or younger at the time of the offense). Thus, the record contains evidence on which reasonable jurors could find appellant guilty, beyond reasonable doubt, of committing continuous sexual abuse of a child.

That the victims earlier may have denied or nominalized any occurrence of sexual abuse does not change that result. They explained at trial that they did so out of embarrassment, a desire to keep the acts hidden, or desire not to complete forms containing questions about sexual abuse. The "fact that a witness makes contradictory or inconsistent statements does not destroy his [or her] testimony as a matter of law." *McDonald v. State*, 462 S.W.2d 40, 41 (Tex. Crim. App. 1971); *Owens v. State*, 381 S.W.3d 696, 709 (Tex. App.—Texarkana 2012, no pet.); *see Hughes v. State*, No. 07-22-00298-CR, 2023 Tex. App. LEXIS 3848, at *3 (Tex. App.—Amarillo June 6, 2023, no pet.) (mem. op., not designated for publication) (stating, "[t]hat the victim may have recanted or otherwise became unable or unwilling to recall being assaulted does not mandate a contrary determination"). Rather, inconsistencies or contradictions in witness testimony create questions of fact for the factfinder to resolve. Moreover, "[a]ll inconsistencies in the evidence must be resolved in favor of the verdict." *Taylor v. State*, No. 07-10-0099-CR, 2011 Tex. App. LEXIS 9943, at *11-12 (Tex. App.—Amarillo Dec. 16, 2011, no pet.) (mem. op., not designated for publication).

Nor is appellant's second contention of consequence. Intent to arouse or gratify sexual desire may be inferred from "the defendant's conduct, his remarks, and all

surrounding circumstances." *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). Indeed, "the conduct itself is sufficient to infer intent." *Abbott v. State*, 196 S.W.3d 334, 340-41 (Tex. App.—Waco 2006, pet. ref'd). Most significantly, one of the victims testified that appellant would "touch hisself [sic] while he was touching me . . . [h]e would jerk off." Furthermore, appellant does not suggest his placing his mouth on their vaginas or having them place their mouths on his penis was incidental or related to health care or hygiene. *See Vizcaino v. State*, No. 08-22-00062-CR, 2023 Tex. App. LEXIS 416, at *10 (Tex. App.—El Paso Jan. 24, 2023, no pet.) (mem. op., not designated for publication) (finding the evidence indicated defendant's contact "was not incidental or related to his care for the victims as a relative, but rather established that [defendant], through his acts, intended to arouse or gratify his sexual desires"). In short, those acts provided some evidence from which a rational jury could reasonably conclude, beyond reasonable doubt, that appellant had the requisite intent to arouse or gratify sexual desire while abusing the victims.

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

4