Stanley Verne **DELTENRE**, Appellant,

v.

**STATE** of Texas, State.

No. 2–88–254–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 1989.

Rehearing Denied Oct. 4, 1989.

Stuart C. Shelton, Bowie, for appellant.

Jack A. McGaughey, Dist. Atty., Montague, for appellee.

Before JOE SPURLOCK, II, HILL and MEYERS, JJ.

## OPINION

MEYERS, Justice.

The issue in this case is whether a jailer is a peace officer. For the reasons set forth below, we find jailers are not peace officers.

Deltenre was convicted of escape, *see* TEX.PENAL CODE ANN. sec. 38.07 (Vernon 1989), and sentenced to forty-five years in the Texas Department of Corrections after two enhancement paragraphs were found to be true. On appeal, as in the court below, Deltenre contends the State alleged Deltenre escaped from the custody of a peace officer, but proved only that Deltenre escaped from the custody of a jailer; not a peace officer. Thus, Deltenre claims: 1) there was a fatal variance between the indictment and the proof; 2) there is insufficient evidence to sustain the conviction; and 3) the court erred in charging the jury that a jailer is a peace officer. Under the Texas Penal Code, one can only be in custody if he is "detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court." TEX.PENAL CODE ANN. sec. 38.01(2) (Vernon 1989).

■ The State's theory in this case was that Deltenre was detained by a peace officer. However, the State alleged and proved only that Deltenre was detained by a jailer. The jailer himself testified he was a "deputy jailer" and the Montague County Sheriff testified the jailer was "not a Deputy Sheriff." The State contends a jailer is the representative of a sheriff, and thus a peace officer under TEX.CODE CRIM. PROC.ANN. art. 2.12(1) (Vernon Supp. 1989). The State cites *Eickenhorst v. State*, 662 S.W.2d 622 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd), as authority for its contention that a jailer may be considered a peace officer because he acts as a sheriff's "representative." *Id.* at 625. However, the *Eickenhorst* court found the evidence sufficient to find the jailer in that case was indeed a deputy sheriff. *Id.* In this case, there was affirmative evidence that the jailer was *not* a deputy sheriff.

The State next argues that if the jailer in this case is not a deputy sheriff, then the legislature's failure to specifically exclude jailers from the list of persons who are peace officers indicates the legislature's intention that jailers be considered peace offi-

cers. We do not find this argument persuasive as the legislature did not indicate that its list of those persons who are peace officers is merely illustrative and not exhaustive. *See* TEX.CODE CRIM.PROC. ANN. art. 2.12 (Vernon Supp.1989). In fact, it seems the list of peace officers is exhaustive as the legislature denoted even people such as Racing Commission stewards and judges, metropolitan rapid transit authority officers, and Dallas County Hospital District officers as peace officers. *Id.* Yet, the legislature failed to include jailers in its list of peace officers even though the legislature made a distinction between jailers and peace officers in many pieces of legislation. *See, e.g.,* TEX.PENAL CODE ANN. secs. 9.53 ("peace officer, jailer, or guard"); 22.02(a)(2) ("a peace officer or a jailer"); 39.021(a) ("[a] jailer ... or a peace officer"); TEX.GOV'T CODE ANN. secs. 415.001 (which gives a different definition for "county jailer" than "peace officer"); 415.051 (which distinguishes officers [meaning peace officers and reserve law enforcement officers, sec. 415.001(3) ] from county jailers); 415.015(c) ("officer or county jailer"); 415.033 ("officers and county jailers"); 415.034 ("officers and county jailers"); 415.058 ("officer or county jailer"); 415.063 ("officer or county jailer").

Contrary to the State's contention, it appears the legislature does not intend jailers to be considered peace officers. It may be an oversight on the legislature's part to fail to include jailers as peace officers, or it may be that the legislature assumed the State would allege and prove escape by showing the escapee was detained by the sheriff or a deputy. However, we find the legislature's failure to designate jailers as peace officers as well as the distinctions the legislature made between jailers and peace officers in many pieces of legislation indicates the legislature's intent that jailers not be considered peace officers.

■ As the State alleged Deltenre escaped from the custody of a peace officer but proved only that Deltenre escaped from the custody of a jailer, there was a variance between the indictment and the proof. We find the variance was fatal because the State did not prove the elements of escape. A fatal variance such as this requires entry of an acquittal due to insufficient evidence. *See Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983). Deltenre's first point of error is sustained. We reverse and remand to the trial court with an order to enter a judgment of acquittal.