**Stanley Verne DELTENRE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 1443–89.**

Court of Criminal Appeals of Texas, En Banc.

April 3, 1991.

Rehearing Overruled May 8, 1991.

Stuart C. Shelton, Bowie, for appellant.

Jack A. McGaughey, Dist. Atty., Montague, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with the offense of escape from the Montague County Jail. V.T.C.A. Penal Code Sec. 38.07. Appellant pled not guilty. A jury rendered a verdict of guilty and assessed punishment at 45 years imprisonment. In the court of appeals, appellant raised three points of error, i.e., alleging a fatal variance between the indictment and the proof, insufficiency of evidence, and jury charge error. In addressing the sufficiency question, vis-a-vis a fatal variance, the court of appeals reversed his conviction and remanded the cause to the trial court with an order to enter a judgment of acquittal. *Deltenre v. State,* 776 S.W.2d 807 (Tex.App.—Fort Worth 1989). The State filed a petition for discretionary review on the basis that the

court of appeals opinion is in conflict with the decision of another court of appeals regarding the same issue. See *Eickenhorst v. State*, 662 S.W.2d 622 (Tex.App.— Houston [14th Dist.] 1983, pet. ref'd) (no evidence to indicate jailer was not a peace officer). TEX.R.APP.P. 200(c)(1). We granted the State's petition to determine whether a county jailer is a peace officer under the Texas Code of Criminal Procedure.[1] We will affirm the court of appeals.

On February 16, 1988, appellant was convicted of the offense of burglary of a habitation and sentenced to a 15 year prison term. He was remanded to the custody of the Montague County Sheriff and placed in the Montague County Jail awaiting transfer to the Texas Department of Corrections [2] where he was to serve his term. At approximately 2:00 a.m. on February 24, 1988, appellant allegedly escaped from said jail. Deputy Jailer David Fondren was the only person on duty at that time. The offense on which the instant appeal is based is violation of the escape statute, V.T.C.A. Penal Code Sec. 38.07(a), which reads:

(a) A person commits an offense if he escapes from custody when he is:

(1) under arrest for, charged with, or convicted of an offense; or

(2) in custody pursuant to a lawful order of a court.

The term "custody" is further defined in V.T.C.A. Penal Code Sec. 38.01(2), as follows:

(2) "Custody" means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court.

The indictment upon which appellant was charged alleges that appellant "... did then and there intentionally and knowingly escape from the custody of DAVE FONDREN, *a peace officer*, after the said defendant had been convicted for the offense of Burglary of a Habitation, a felony." (emphasis added).

Appellant claimed on appeal that there was a fatal variance between the indictment and the proof at trial, the evidence was insufficient, and the jury charge was erroneous.[3] Appellant therefore contended that the trial court erred in overruling Defendant's Motion for Instructed Verdict of Not Guilty. The variance to which appellant refers is that the State's indictment asserts Dave Fondren, the jailer on duty at the time of the alleged escape, was in fact a peace officer, but the State only proved that appellant escaped from the custody of a jailer.

The court of appeals found the evidence adduced at trial was persuasive of the issue of whether Fondren was a peace officer as defined in Art. 2.12(1), V.A.C.C.P. Sheriff Glen Whatley testified as to Fondren's status at the time of the alleged escape, and his testimony indicated that Dave Fondren was not qualified to be a "peace officer." On direct examination by the State, the following exchange took place:

Q. In connection with taking charge and holding prisoners in the Montague County jail are you also authorized to appoint deputies for the purpose of looking after prisoners?

A. Yes.

Q. Those are called jailers?

A. Jailers, yes.

Q. And are they your representative in every sense for dealing with the prisoners, enforcing discipline and security in the jail?

A. They are.

Defense counsel further questioned Sheriff Whatley on cross examination, as follows:

Q. Mr. Whatley, what are the requirements to be a Deputy Sheriff in Montague County?

---

1. See Art. 2.12(1), V.A.C.C.P., *infra*, for a listing of persons who are peace officers.

2. Now the Texas Department of Criminal Justice, Institutional Division.

3. Defense counsel timely objected to the charge on the ground that the definition of peace officer as set out in the charge is inconsistent with the statutory law on the subject, Art. 2.12, V.A.C.C.P. The court of appeals did not address this issue, having found reversible error in the variance between the indictment and the proof.

A. Well, to be a Deputy Sheriff you must pass—be hired by me, essentially, pass a physical exam, a mental exam, take required training prescribed by the State.

Q. What kind of training is that that is required by the State?

A. You are required to take over 400 hours of classroom training. In addition, you take marksman training.

Q. To be a Deputy Sheriff then do you actually have to be a certified peace officer?

A. No. You have a year's period in which you can work toward being certified.

\* \* \* \* \* \*

Q. What kind of training does Mr. Fondren have?

A. He has a jailer's school. [sic]

Q. But he is not a certified peace officer?

A. No, he is not a certified Deputy.

Q. Has he been working as a Deputy Sheriff more than a year?

A. No; less than a year.

Q. Is he working toward that certification?

A. He already has his certification as a jailer. He is certified as a jailer.

Q. But he is not certified as a peace officer?

A. No.

Q. And so then he is really not a Deputy Sheriff, is he?

A. No, he is not a Deputy Sheriff in that he conducts law enforcement duties outside of the jail.

Based in part on Sheriff Whatley's testimony, the court of appeals ruled that a jailer who is not a deputy sheriff is not a "peace officer" as defined by Art. 2.12(1), V.A.C.C.P. *Deltenre*, 776 S.W.2d at 808. In addition, after examining the relevant statutes,[4] the court concluded that the legislature did not intend for jailers to be considered peace officers because of the distinctive statutory treatment given these terms. *Id.* Thus, the court found the evidence insufficient because the State failed to prove the elements of escape. *Id.*[5]

We measure sufficiency of the evidence by what is stated in the charge to the jury. *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr. App.1984); *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982). In the case *sub judice*, the trial judge instructed the jury as follows:

A person appointed by the sheriff as and acting as a jailer is a deputy of the sheriff for that purpose and is a peace officer.[6]

The term "peace officer" is not defined in the escape statute. However, "peace officer" is defined in V.T.C.A. Penal Code Sec. 1.07(a)(25), to-wit:

(25) "peace officer" means a person elected, employed, or appointed as a peace officer under Article 2.12, Code of

---

4. The court of appeals notes:
   See, e.g., TEX.PENAL CODE ANN. secs. 9.53 ("peace officer, jailer, or guard"); 22.02(a)(2) ("a peace officer or a jailer"); 39.021(a) ("[a] jailer ... or a peace officer"); TEX.GOV'T CODE ANN. secs. 415.001 (which gives a different definition for "county jailer" than "peace officer"); 415.051 (which distinguishes officers.[meaning peace officers and reserve law enforcement officers, sec. 415.001(3)] from county jailers); 415.015(c) ("officer or county jailer"); 415.033 ("officers and county jailers"); 415.034 ("officers and county jailers"); 415.058 ("officer or county jailer"); 415.063 ("officer or county jailer").
   *Deltenre*, 776 S.W.2d at 808.

5. Specifically, the element lacking sufficient proof was "custody." Escape involves fleeing from the custody of a peace officer or a public servant. V.T.C.A. Penal Code Sec. 38.01(2). The language of this statute envisions two separate theories in which to commit the offense of escape. One may escape from the custody of a peace officer while under detention or arrest, or one may escape from a public servant while under restraint pursuant to an order of a court. In the case at bar, as we have noted, appellant was indicted under the peace officer theory.

6. The charge to the jury also included the following:
   "ESCAPE" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but does not include a violation of conditions of probation or parole.
   "CUSTODY" means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court.

Criminal Procedure, Section 51.212 or 51.214, Education Code, or other law.[7] Article 2.12, V.A.C.C.P., provides a detailed listing of who is a peace officer. The relevant portion [8] of the statute states:

The following are peace officers:

(1) sheriffs and their deputies; ...

In its petition the State contends that the term deputy in Art. 2.12(1), V.A.C.C.P., can be interpreted as a generic term and encompass anyone hired by the sheriff to act as his representative for the purpose of maintaining jail security. The State cites Art. 2.18, V.A.C.C.P., for the proposition that the sheriff maintains ultimate responsibility for keeping prisoners in jail.[9] Further, Art. 2.20, V.A.C.C.P., states that the sheriff may delegate such duties to his deputy. We find this argument somewhat persuasive, because the record reflects that appellant was "remanded to the custody of the sheriff" to begin serving his sentence, while awaiting transfer to T.D.C. At trial Sheriff Whatley testified that as sheriff he was authorized to appoint "deputies" to look after prisoners, and those deputies were called "jailers." He further testified that the "jailers" were his representatives in all aspects of dealing with the prisoners.

This Court has previously held that actual hands-on custody is not required for purposes of the escape statute. *Harrell v. State*, 743 S.W.2d 229 (Tex.Cr.App.1987). In *Harrell*, cited by the State, the prisoner was hospitalized at the V.A. hospital under an informal arrangement between the county judge and the chief of hospital security. He "escaped" from the hospital, and this Court ruled his escape a violation of V.T.C.A. Penal Code Sec. 38.07(a). The Court held that "custody" as defined in V.T.C.A. Sec. 38.01(2) does not require ac-

tual, physical "hands-on" restraint for the offense of escape. the Court instead looked at the legal status of the individual at the time of his escape and found that he was an arrestee at that time and did in fact escape from custody. The case *sub judice* is readily distinguishable from *Harrell* because the indictment and jury charge in the instant case specifically allege that the person from whom appellant "escaped" was a peace officer. The indictment in *Harrell* charged the appellant with escape from the custody of the chief jailer of Kerr County. The issue of whether the chief jailer was a peace officer was not addressed by the court of appeals and therefore was not presented to this Court for review.

◼ In response to the State's argument that the term "deputy" be interpreted in a generic fashion, we look to the statutes for guidance. The provision governing the appointment of deputies is found in TEX. LOC.GOV'T CODE ANN. Sec. 85.003. In addition to basic requirements that the appointment be in writing, administering the oath of office and filing oath and appointment with the county clerk, subsection (e) of Sec. 85.003 provides "A deputy may perform the acts and duties of the deputy's principal." The Code of Criminal Procedure also describes duties relating to deputies. Article 2.20, V.A.C.C.P., entitled "Deputy" reads as follows:

Wherever a duty is imposed by this Code upon the sheriff, *the same duty may lawfully be performed by his deputy.* When there is no sheriff in a county, the duties of that office, as to all proceedings under the criminal law, devolve upon the *officer who, under the law, is empowered to discharge the duties of sheriff,* in case of vacancy in the office. (emphasis added)

---

7. The reference to sections of the Education Code is not applicable to the instant case.

8. Article 2.12, V.A.C.C.P., also specifically classifies various categories of peace officers, including stewards and judges employed by the Texas Racing Commission, officers commissioned by the governing body of a metropolitan rapid transit authority, and officers commissioned by the board of managers of the Dallas County Hospital District, suggesting that the legislature intended the listing of peace officers to be specific, rather than general. *Deltenre,* 776 S.W.2d

at 808. In addition, the court of appeals opined there is no language in the statute to indicate that the categorizations are merely illustrative and could therefore include other classifications. *Id.*

9. *Art. 2.18, V.A.C.C.P., states:*

When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff ... he [sheriff] shall so guard the accused as to prevent escape.

We glean from the language of these statutes that the deputy may be a representative of the sheriff for all purposes, and the duties may include, but are not necessarily limited to, keeping order in the jail. In the instant case, Sheriff Whatley testified that deputy jailer Fondren did not conduct duties outside the jail. In addition, TEX. LOC.GOV'T CODE ANN. Sec. 85.005 further provides for the employment of guards to maintain the security of the jail, which implies that a guard of the jail is not necessarily a deputy. Moreover, the legislature has provided separate definitions for the terms "peace officer" and "jailer." [10] Appellant cites to numerous other statutory distinctions between peace officers and jailers,[11] indicating a legislative intent that these terms be separate and distinct. Thus, we conclude the term "deputy" is not generic as the State would have us infer.

We also granted review to consider whether the court of appeals decision in the instant case is in conflict with another court of appeals decision. In its brief the State urges that the term "deputy" be construed in a common sense meaning of one delegated authority, citing *Eickenhorst v. State*, 662 S.W.2d 622 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd).[12] In *Eickenhorst*, appellant escaped from the custody of a jailer with the Fort Bend County Sheriff's Department who testified that he was a "representative" of the sheriff and that the appellant was in his custody at the time of escape. The court of appeals found sufficient evidence to show that the jailer

in that case was a deputy sheriff, ergo, a peace officer. *Eickenhorst* can be distinguished from the case at bar because there was no evidence in *Eickenhorst* to prove the jailer was *not* a deputy sheriff. Whereas in the instant case, the testimony at trial definitively established that the jailer was not a deputy sheriff, and therefore he was not a peace officer.

Regarding the State's contention that the terms be considered in a common sense meaning, we look again to the statutes for interpretative guidelines. Rules governing common and technical usage of words are found in TEX.GOV'T CODE ANN. Sec. 311.011 (the Code Construction Act, hereinafter referred to as Act). While the Act generally provides that words and phrases be construed in accordance with grammatical rules and common usage, it also specifically provides the following:

> (b) Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.

Under the foregoing statutory analysis, we find that the term "peace officer" has acquired a technical meaning by legislative definition. Art. 2.12(1), V.A.C.C.P.; TEX. GOV'T CODE ANN. Sec. 415.001(5). We also find that the term "deputy" is considered a technical term under the relevant statutes. TEX.LOC.GOV'T CODE ANN. Sec. 85.003; Art. 2.20, V.A.C.C.P. Absent specific terminology to the contrary, we will interpret the relevant statutes in harmony. See *L & M–Surco Manufacturing, Inc. v. Winn Tile Company*, 580 S.W.2d

---

**10.** TEX.GOV'T CODE ANN. § 415.001 reads in pertinent part:

> (2) "County jailer" means a person designated as a jailer or guard of a county jail under Section 85.005, Local Government Code.
>
> \*     \*     \*     \*     \*     \*
>
> (5) "Peace officer" means a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, or other law.

**11.** See footnote 4, *supra* (court of appeals list of statutory distinctions). See also, e.g., TEX. GOV'T CODE ANN. secs. 415.001(2) (defines county jailer); 415.001(5) (defines peace officer); 415.009 (meetings regarding training and standards for officers and county jailers); 415.-

015 (referring to constable or other officer or county jailer).

Additionally, we note the following Government Code distinctions: 415.010(10) (competency standards for officer or county jailer); 415.-031 (distinguishes officers and county jailers); 415.035 (weapons proficiency for peace officers; no reference to jailers); 415.051(b) (license requirements for officers and county jailers); 415.052 (granting license to officer and county jailer); 415.054 (appointment of county jailer). We note that this listing is not exclusive.

**12.** The petition for discretionary review in *Eickenhorst* did not address the issue of whether the custodian was a peace officer or jailer. Thus, this Court in refusing the PDR did not consider the issue at bar.

920 (Tex.Civ.App.1979, error dism'd) (civil case holding that same words in different statutes will be given the same meaning, unless there is something to indicate a different intention). We thus hold that Fondren was not a "deputy" nor was he a "peace officer" on the basis of Sheriff Whatley's testimony, in conjunction with the above statutory analysis. We therefore find the evidence was insufficient to prove that the person from whom appellant escaped was a peace officer under Art. 2.12(1), V.A.C.C.P.

In sum, we agree with the court of appeals' findings on legislative intent, to-wit:

> Contrary to the State's contention, it appears the legislature does not intend jailers to be considered peace officers. It may be an oversight on the legislature's part to fail to include jailers as peace officers, or it may be that the legislature assumed the State would allege and prove escape by showing the escapee was detained by the sheriff or a deputy. However, we find the legislature's failure to designate jailers as peace officers as well as the distinctions the legislature made between jailers and peace officers in many pieces of legislation indicates the legislature's intent that jailers not be considered peace officers.

*Deltenre*, 776 S.W.2d at 808.

■ While it is clear appellant "escaped" from custody, we are constrained to hold, under the facts of this case,[13] that appellant did not escape from a "peace officer" as used in the definition of custody. We therefore find the evidence insufficient to support a guilty verdict in the instant case.

The judgment of the court of appeals is affirmed.

McCORMICK, P.J., and WHITE, J., concur in the result.

---

**13.** By our ruling today, we do not hold that a "jailer" is *not* a "peace officer" per se. Each case must be determined on its own facts as to the sufficiency of the evidence that a jailer, or other law enforcement personnel, satisfies the qualifications of a certified peace officer. We disagree with the court of appeals opinion to the extent that it implies someone acting as a jailer could *never* be a "peace officer."