ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 25, 2006

The Honorable Chris Taylor
Tom Green County Attorney
122 West Harris Avenue
San Angelo, Texas 76903

Opinion No. GA-0465

Re: Whether a county jailer who is a certified peace officer is required to obtain a commission from the Texas Commission on Private Security to work as a private security guard (RQ-0464-GA)

Dear Mr. Taylor:

You ask whether a county jailer who is a certified peace officer and who has been appointed as a deputy sheriff is exempt from the requirements of the Private Security Act.[1]

While the job of jailer does not require certification as a peace officer, you inform us that some Tom Green County jailers have received peace officer certification from the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE"). Request Letter, *supra* note 1, at 3. When a jailer is also certified as a peace officer, it is the Tom Green County Sheriff's practice to appoint that person as a deputy sheriff. *See id.* You inform us that while such jailers may occasionally be asked to transport prisoners or patrol an area of the county outside the jail facility, a jailer's main duty is to guard the county jail. *See id.* at 4.

Some jailers may wish to also obtain private employment as a security guard. A private security guard position is governed by the Private Security Act which requires a private security guard who carries a firearm while on duty to hold a commission issued by the Texas Commission on Private Security. *See* TEX. OCC. CODE ANN. § 1702.161 (Vernon 2004). The Private Security Act contains an exemption for:

> (1) a person who has full-time employment as a peace officer and who receives compensation for private employment on an individual or an independent contractor basis as a patrolman, guard, extra job coordinator, or watchman if the officer:

---

[1]*See* Letter from Honorable Chris Taylor, Tom Green County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 17, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (A) is employed in an employee-employer relationship or employed on an individual contractual basis;
>
> (B) is not in the employ of another peace officer;
>
> (C) is not a reserve peace officer; and
>
> (D) works as a peace officer on the average of at least 32 hours a week, is compensated by the state or a political subdivision of the state at least at the minimum wage, and is entitled to all employee benefits offered to a peace officer by the state or political subdivision;

*Id.* § 1702.322(1).

A county jailer and a deputy sheriff are statutorily distinct positions. The Local Government Code authorizes a sheriff to "employ a sufficient number of guards to ensure the safekeeping of prisoners and the security of a jail." TEX. LOC. GOV'T CODE ANN. § 85.005(a) (Vernon 1999). To be employed as a jailer, an individual must hold a jailer license issued by TCLEOSE. *See* TEX. OCC. CODE ANN. §§ 1701.301, .310 (Vernon 2004). A jailer must complete a different set of training courses and pass a different examination from those required to be a licensed peace officer. *See* 37 TEX. ADMIN. CODE §§ 217.1 (2006) (TCLEOSE, Minimum Standards for Initial Licensure), 221.5 (TCLEOSE, Jailer Proficiency). A "county jailer" is not included in the list of people who "are peace officers." TEX. CODE CRIM. PROC. ANN. art. 2.12(1) (Vernon Supp. 2006). In addition, the legislature demonstrated its intention that the term "peace officer" does not include a "jailer" by regularly referring to the two terms separately in statute. *See, e.g.*, TEX. OCC. CODE ANN. §§ 1701.001 (Vernon 2004) (defining "peace officer" and "county jailer" separately); 1701.151 (referring to "officer, county jailer, or public security officer"), 1701.251 (referencing officer and jailer as distinct positions), 1701.301 (same), 1701.303 (same), 1701.306 (same), 1701.312 (same), 1701.352 (same); TEX. GOV'T CODE ANN. § 607.001 (Vernon Supp. 2006) (same). This view is confirmed by the Court of Criminal Appeals, which found that "the legislature's failure to designate jailers as peace officers as well as the distinctions the legislature made between jailers and peace officers in many pieces of legislation indicates the legislature's intent that jailers not be considered peace officers." *Deltenre v. State*, 808 S.W.2d 97, 102 (Tex. Crim. App. 1991).

In contrast, deputy sheriffs are peace officers and must hold a peace officer license issued by TCLEOSE. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(1) (Vernon Supp. 2006); TEX. OCC. CODE ANN. § 1701.301 (Vernon 2004). To obtain a peace officer license, an applicant must complete a training course, pass a licensing examination, undergo psychological and physical evaluations, and demonstrate weapons proficiency. *See* TEX. OCC. CODE ANN. §§ 1701.304, .306–.307 (Vernon 2004). In addition, a peace officer must meet continuing education requirements and demonstrate weapons proficiency at least annually. *See id.* §§ 1701.351 (Vernon Supp. 2006), 1701.355 (Vernon 2004).

While the positions of jailer and deputy sheriff are distinct in statute, they are not mutually exclusive—many counties employ one person in both positions. Yet the legislature has chosen to exempt only *full-time* peace officers from the requirements of the Private Security Act. *See id.* § 1702.322 (Vernon 2004) (exemption for full-time peace officers); *cf. Garay v. State*, 940 S.W.2d 211, 218 (Tex. App.—Houston [1st Dist.] 1997, writ ref'd) (upholding the application of the Act to part-time peace officers); *Tex. Bd. of Private Investigators & Private Sec. v. Bexar County Sheriff's Reserve*, 589 S.W.2d 135 (Tex. Civ. App.—San Antonio 1979, no writ) (upholding the application of the Act to reserve peace officers). Part-time peace officers and reserve peace officers who wish to carry a firearm in the course of a job as a private security officer must comply with training requirements and obtain a commission if they wish to carry a firearm in the course of a job as a private security officer. *See* TEX. OCC. CODE ANN. §§ 1702.161 (Vernon 2004) (security officer commission required), 1702.1675 (training requirements), 1702.322 (exemption for full-time peace officers). Thus, the pertinent question is whether a person who is both a county jailer and a deputy sheriff "has full-time employment *as a peace officer*." *Id.* § 1702.322(1) (emphasis added).

Section 1702.322(1)(D) provides guidance for how to determine what full-time employment as a peace officer entails, by requiring that the individual:

> work[] *as a peace officer* on the average of at least 32 hours a week, is compensated by the state or a political subdivision of the state at least at the minimum wage, and is entitled to all employee benefits offered to a peace officer by the state or political subdivision[.]

*Id.* § 1702.322(1)(D). A person who works full-time as a jailer and is only nominally a deputy sheriff would not meet the requirement to work 32 hours a week as a peace officer and so would be subject to the Act. Another person might work full-time as a deputy sheriff while also serving as a jailer and would thus be exempt from the Act. Determining whether an individual meets the requirements of subsection (D) is necessarily fact-intensive—it depends upon the nature and terms of the individual's employment and how the employer views and treats the position.

Because your question depends on the factual nature of a particular individual's employment, we cannot determine whether certain Tom Green County employees are exempt from the Private Security Act. *See, e.g.*, Tex. Att'y Gen. Op. No. GA-0139 (2004) at 3 (stating that the attorney general's office does not determine facts). Instead, we must leave the determination in the first instance to the employer, subject to judicial review. *See* Tex. Att'y Gen. Op. No. GA-0086 (2003); *see also* TEX. LOC. GOV'T CODE ANN. § 152.071 (Vernon 1999) (discussing classification and duties of sheriff's department employees).

## S U M M A R Y

Whether a peace officer who is *both* a jailer *and* a deputy sheriff is "employed full-time as a peace officer," and thus exempt from the provisions of the Private Security Act by section 1702.322, Texas Occupations Code, is a question of fact that will vary with the nature of the employment.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee