Opinion filed December 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 30,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00206-CR

                                                      _________

 

                                  KNOWEL
BEEMAN, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                 Trial
Court Cause No. CR19309

 



 

                                             M
E M O R A N D U M   O P I N I O N








Knowel
Beeman, Jr. appeals his conviction by the court, following his plea of not
guilty, of two counts of delivery of a controlled substance, cocaine, in a
drug-free zone.  The trial court assessed his punishment at five years in the
Texas Department of Criminal Justice, Institutional Division, for each count
and ordered that the sentences run consecutively.  Beeman urges in four issues
that (1) the trial court erred by ordering the sentences to run consecutively,
(2) the evidence is insufficient to prove that either delivery contained
cocaine, (3) the evidence is insufficient to prove that the alleged deliveries
occurred in a drug-free zone, and (4) the trial court erred in signing the
judgment.  We order the judgment modified to reflect that Beeman=s sentences in the two
counts are to be served concurrently, modified to reflect that Beeman entered a
plea of Anot guilty@ to the charges presented
and a plea of Auntrue@ with respect to the
enhancement paragraph of the indictment, and modified to reflect that he was
neither admonished nor found competent by the court.  We affirm the judgment as
modified.  

Beeman
urges in Issue One that the trial court erred by ordering the sentences to run
consecutively.  The State concedes that the trial court erred by ordering the
sentences to run consecutively, referring us to the case of Williams v.
State, 253 S.W.3d 673 (Tex. Crim. App. 2008).  We sustain Issue One.

Beeman 
contends in Issues Two and Three that the evidence is insufficient to support
his conviction because it is insufficient to prove that either delivery
contained cocaine and because it is insufficient to prove that the deliveries
occurred in a drug-free zone.  In order to determine if the evidence is legally
sufficient, the appellate court reviews all of the evidence in the light most
favorable to the verdict and determines whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  To determine if
the evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence. Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.  

Tony
Aaron, a narcotics investigator for the Brown County Sheriff=s Office, testified:

Cecil
Holman Park which is located by Hall and Almond.  It also has the Benny Houston
Community Center on the same property.  It=s
B it=s a normal playground,
slides, swings, merry-go-rounds, basketball courts.  The Community Center also
has an indoor basketball court.  There=s
a swimming pool on the property, tennis courts, I believe, baseball.

 








Aaron later
elaborated that the park is intended for recreational purposes, is open to the
public, and has three or more separate apparatuses intended for the recreation
of children.  He confirmed that the transactions occurred within a thousand
feet of the playground at Cecil Holman Park.  A picture of the playground does
not contain anything resembling a school.  Aaron said he transported the drug
evidence to the Abilene Department of Public Safety lab for chemical testing.

Donald
Batteas testified that he is a civil engineer technician inspector for the City
of Brownwood.  He indicated that Cecil Holman Park is a park owned by the City
of Brownwood.

William
Todsen testified that he is a forensic scientist with the Department of Public
Safety in Abilene, Texas.  He indicated that he received a sample for testing
and that his testing showed that the substance contained cocaine.  He
acknowledged that there was no way he could tell from his testing as to whether
there was cocaine in the first delivery or the second delivery.

Julie
Johnson, the person to whom Beeman delivered the substance, testified that
Beeman identified each of the substances that he delivered to her as crack
cocaine.  Also, Beeman himself, when asked if it was cocaine he was wanting to
smoke with Johnson, replied, AIf
I remember, yes, sir.@








We
hold that the evidence is legally and factually sufficient to support Beeman=s conviction.  Beeman first
urges that the evidence is legally insufficient to support his conviction
because, since the samples from the two deliveries were commingled, the State=s chemist could not
determine that either the first or second delivery contained cocaine.  He
relies upon the cases of Franklin v. State,  659 S.W.2d 831 (Tex. Crim.
App. 1983); Deltenre v. State, 808 S.W.2d 97 (Tex. Crim. App. 1991); and
People v. Hill, 524 N.E.2d 604, 611 (Ill. App. Ct. 1988).  We have
examined all of these authorities and find them to be distinguishable.  Neither
of the two Texas cases involves the possession or use of a controlled substance
at all, much less one in which, as in the case at bar, there is evidence that the
defendant himself has characterized the controlled substance delivered as
cocaine.  While the Illinois case, People v. Hill, does involve
possession of a controlled substance of more than thirty grams with the intent
to deliver, in that case there is no indication of any testimony showing an
acknowledgment by the defendant that he was in possession of cocaine as
alleged.  The court in that case distinguished another case on the basis that,
in the other case, the defendant had made such an acknowledgment with respect
to heroin.  People, 524 N.E.2d at 613.       Beeman insists that the
evidence was insufficient to show that the playground was open to the public
when the alleged offense occurred, that there was no evidence that it was
intended for the recreation of children, and that there was Ano evidence that the
alleged playground [was] not on the premises of a school.@  However, as previously
noted, Aaron, a narcotics investigator, testified that the playground in
question was located in Cecil Holman Park, was intended for recreational
purposes, was open to the public, and contained three or more separate
apparatuses intended for recreation of children.  Also as previously noted,
Batteas testified that Cecil Holman Park was a park owned by the City of
Brownwood.  

Beeman
relies upon the case of Ingram v. State, 213 S.W.3d 515, 518 (Tex. App.C Texarkana 2007, no pet.). 
We find that case to be distinguishable.  In that case, the court held that
there was no evidence to support the required showing that a playground was
open to the public where it was privately owned and that there was no evidence
to show that it was open to the public.  Ingram, 213 S.W.3d at 518-19. 
As we have noted, in the case at bar, there was evidence from which the trial
court could reasonably have concluded that the playground was open to the
public.  While there was no direct testimony that the playground was not on the
premises of a school, we hold that Detective Aaron=s detailed description of Chris Holman Park,
which does not include mention of a school, taken together with the fact that
the evidence shows that the playground was located in a city park, as opposed
to the premises of a school, and the fact that a photograph of the playground
shows nothing that would appear to be a school, is sufficient to show that the
playground was not on the premises of a school.  We overrule Issues Two and
Three.  

As
far as we can determine, Beeman asserts in Issue Four that the trial court=s judgment erroneously
reflects that he pleaded guilty, that he entered a plea to the enhancement
paragraph of the indictment, that he was admonished by the court, and that the
court found him to be competent.  In fact, the record reflects that Beeman
pleaded Anot guilty,@ pleaded Auntrue@ to the enhancement
paragraph, was not admonished, and was not found competent by the court.  We
sustain Issue Four.








We
order the judgment modified to reflect that Beeman=s sentences in the two counts are to be served
concurrently, modified to reflect that Beeman entered a plea of Anot guilty@ to the charges presented and
a plea of Auntrue@ with respect to the
enhancement paragraph of the indictment, and modified to reflect that he was
neither admonished nor found competent by the court.  We affirm the judgment as
modified.  

 

 

PER CURIAM

 

December 30,
2009  

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.