**Opinion filed December 30, 2009**



**In The**

# Eleventh Court of Appeals

————

**No. 11-08-00206-CR**

————

**KNOWEL BEEMAN, JR., Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR19309**

## MEMORANDUM OPINION

Knowel Beeman, Jr. appeals his conviction by the court, following his plea of not guilty, of two counts of delivery of a controlled substance, cocaine, in a drug-free zone. The trial court assessed his punishment at five years in the Texas Department of Criminal Justice, Institutional Division, for each count and ordered that the sentences run consecutively. Beeman urges in four issues that (1) the trial court erred by ordering the sentences to run consecutively, (2) the evidence is insufficient to prove that either delivery contained cocaine, (3) the evidence is insufficient to prove that the alleged deliveries occurred in a drug-free zone, and (4) the trial court erred in signing the

judgment. We order the judgment modified to reflect that Beeman's sentences in the two counts are to be served concurrently, modified to reflect that Beeman entered a plea of "not guilty" to the charges presented and a plea of "untrue" with respect to the enhancement paragraph of the indictment, and modified to reflect that he was neither admonished nor found competent by the court. We affirm the judgment as modified.

Beeman urges in Issue One that the trial court erred by ordering the sentences to run consecutively. The State concedes that the trial court erred by ordering the sentences to run consecutively, referring us to the case of *Williams v. State*, 253 S.W.3d 673 (Tex. Crim. App. 2008). We sustain Issue One.

Beeman contends in Issues Two and Three that the evidence is insufficient to support his conviction because it is insufficient to prove that either delivery contained cocaine and because it is insufficient to prove that the deliveries occurred in a drug-free zone. In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

Tony Aaron, a narcotics investigator for the Brown County Sheriff's Office, testified:

> Cecil Holman Park which is located by Hall and Almond. It also has the Benny Houston Community Center on the same property. It's – it's a normal playground, slides, swings, merry-go-rounds, basketball courts. The Community Center also has an indoor basketball court. There's a swimming pool on the property, tennis courts, I believe, baseball.

Aaron later elaborated that the park is intended for recreational purposes, is open to the public, and has three or more separate apparatuses intended for the recreation of children. He confirmed that the transactions occurred within a thousand feet of the playground at Cecil Holman Park. A picture of the playground does not contain anything resembling a school. Aaron said he transported the drug evidence to the Abilene Department of Public Safety lab for chemical testing.

Donald Batteas testified that he is a civil engineer technician inspector for the City of Brownwood. He indicated that Cecil Holman Park is a park owned by the City of Brownwood.

William Todsen testified that he is a forensic scientist with the Department of Public Safety in Abilene, Texas. He indicated that he received a sample for testing and that his testing showed that the substance contained cocaine. He acknowledged that there was no way he could tell from his testing as to whether there was cocaine in the first delivery or the second delivery.

Julie Johnson, the person to whom Beeman delivered the substance, testified that Beeman identified each of the substances that he delivered to her as crack cocaine. Also, Beeman himself, when asked if it was cocaine he was wanting to smoke with Johnson, replied, "If I remember, yes, sir."

We hold that the evidence is legally and factually sufficient to support Beeman's conviction. Beeman first urges that the evidence is legally insufficient to support his conviction because, since the samples from the two deliveries were commingled, the State's chemist could not determine that either the first or second delivery contained cocaine. He relies upon the cases of *Franklin v. State*, 659 S.W.2d 831 (Tex. Crim. App. 1983); *Deltenre v. State*, 808 S.W.2d 97 (Tex. Crim. App. 1991); and *People v. Hill*, 524 N.E.2d 604, 611 (Ill. App. Ct. 1988). We have examined all of these authorities and find them to be distinguishable. Neither of the two Texas cases involves the possession or use of a controlled substance at all, much less one in which, as in the case at bar, there is evidence that the defendant himself has characterized the controlled substance delivered as cocaine. While the Illinois case, *People v. Hill*, does involve possession of a controlled substance of more than thirty grams with the intent to deliver, in that case there is no indication of any testimony showing an acknowledgment by the defendant that he was in possession of cocaine as alleged. The court in that case distinguished another case on the basis that, in the other case, the defendant had made such an acknowledgment with respect to heroin. *People*, 524 N.E.2d at 613.

3

Beeman insists that the evidence was insufficient to show that the playground was open to the public when the alleged offense occurred, that there was no evidence that it was intended for the recreation of children, and that there was "no evidence that the alleged playground [was] not on the premises of a school." However, as previously noted, Aaron, a narcotics investigator, testified that the playground in question was located in Cecil Holman Park, was intended for recreational purposes, was open to the public, and contained three or more separate apparatuses intended for recreation of children. Also as previously noted, Batteas testified that Cecil Holman Park was a park owned by the City of Brownwood.

Beeman relies upon the case of *Ingram v. State*, 213 S.W.3d 515, 518 (Tex. App.—Texarkana 2007, no pet.). We find that case to be distinguishable. In that case, the court held that there was no evidence to support the required showing that a playground was open to the public where it was privately owned and that there was no evidence to show that it was open to the public. *Ingram*, 213 S.W.3d at 518-19. As we have noted, in the case at bar, there was evidence from which the trial court could reasonably have concluded that the playground was open to the public. While there was no direct testimony that the playground was not on the premises of a school, we hold that Detective Aaron's detailed description of Chris Holman Park, which does not include mention of a school, taken together with the fact that the evidence shows that the playground was located in a city park, as opposed to the premises of a school, and the fact that a photograph of the playground shows nothing that would appear to be a school, is sufficient to show that the playground was not on the premises of a school. We overrule Issues Two and Three.

As far as we can determine, Beeman asserts in Issue Four that the trial court's judgment erroneously reflects that he pleaded guilty, that he entered a plea to the enhancement paragraph of the indictment, that he was admonished by the court, and that the court found him to be competent. In fact, the record reflects that Beeman pleaded "not guilty," pleaded "untrue" to the enhancement paragraph, was not admonished, and was not found competent by the court. We sustain Issue Four.

We order the judgment modified to reflect that Beeman's sentences in the two counts are to be served concurrently, modified to reflect that Beeman entered a plea of "not guilty" to the charges presented and a plea of "untrue" with respect to the enhancement paragraph of the indictment, and

4

modified to reflect that he was neither admonished nor found competent by the court.  We affirm the judgment as modified.


PER CURIAM


December 30, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.