IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,768-03






EX PARTE STANLEY VERNE DELTENRE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 88-03-0012M-CR
IN THE 97th DISTRICT COURT FROM MONTAGUE COUNTY 




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
the offense of escape and sentenced to imprisonment for forty-five years. On appeal,
Applicant's conviction was reversed and the trial court was ordered to enter a judgment of
acquittal. Deltenre v. State, 776 S.W.2d 807 (Tex. App.-Fort Worth 1989) (affirmed by
Deltenre v. State, 808 S.W.2d 97 (Tex. Crim. App. 1991)). Applicant filed the instant writ
application, alleging, inter alia, that TDCJ is improperly considering the facts of that case
for classification and parole considerations. The trial court ordered TDCJ to respond to
Applicant's allegations. 

 Article 11.07 provides the mechanism for collaterally attacking final felony
convictions. Tex. Code Crim. Proc. art. 11.07 § 1. Because Applicant was acquitted in this
cause number, there is no final felony conviction to support a habeas corpus application filed
under Article 11.07. Accordingly, the application is dismissed without prejudice to any
remedies available under other cause numbers or causes of action. 


Filed: August 24, 2011

Do not publish