Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00008-CR

Antonio **COVARRUBIAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR10863
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 9, 2011

AFFIRMED

A jury convicted appellant Antonio Covarrubias of the aggravated sexual assault of a thirteen-year-old girl.  The trial court sentenced Covarrubias to thirty years confinement in the Texas Department of Criminal Justice–Institutional Division.  Covarrubias raises a single issue on appeal, contending the evidence is legally insufficient to support the conviction.  We affirm the trial court's judgment.

**BACKGROUND**

In 2000, Covarrubias befriended R.T. and his wife T.T. at a youth bible camp. At that time, Covarrubias resided in Houston, Texas, where he was a youth minister in a Pentecostal church. R.T. was a youth minister at a Pentecostal church in San Antonio, Texas. The two families grew close over the following years and established a strong bond based largely on their shared enthusiasm for Pentecostal ministry.

In 2005, Covarrubias and his wife began to experience marital problems. He confided in R.T. that his marriage was strained due to stress brought on by a new baby, financial difficulties, and divergent personal interests. R.T. and his wife offered their home and church to Covarrubias, suggesting he bring his wife and child to San Antonio for a fresh start. Both families hoped the new setting, coupled with marriage counseling, might salvage the Covarrubias' failing marriage.

The effort to rehabilitate the marriage was unsuccessful and Covarrubias's wife returned to Houston with their child after only a month or two in San Antonio. Covarrubias, however, continued living in R.T.'s home for the remainder of 2005 and most of 2006. R.T. and his wife testified they trusted Covarrubias and they were unconcerned about his having access to their home and their young children, including L.T., a thirteen-year-old girl. R.T. and his wife stated they liked Covarrubias and the children looked up to him as a minister and elder.

Covarrubias admitted he began to frequent bars, drink alcohol, and initiated sexual relationships with multiple women. This behavior was frowned upon by the church and ultimately prompted R.T. to ask Covarrubias to leave the family's home. Sometime around December of 2006, Covarrubias left, moving into an apartment with a woman in San Antonio for a few months before ultimately returning to his wife and child in Houston.

Late on a Sunday night in March of 2007, T.T. went to check on her children. L.T. was on her bed, crying, and T.T. asked what was wrong. At first, L.T. said she was sad about a good friend who had recently died. T.T. attempted to console her daughter and then went to her own room. A few minutes later, T.T. returned to her daughter's room to see if she was still grieving. It was then L.T. confessed to her mother she was not crying about her deceased friend, but because of something Covarrubias had done to her. L.T. told her mother Covarrubias had sexually assaulted her. The family notified the San Antonio Police Department the next morning, and officers arrived shortly thereafter to take their statements.

Based on the information received from the family, Covarrubias was arrested and charged with aggravated sexual assault of a child under section 22.021 of the Texas Penal Code.

At trial, L.T. testified Covarrubias digitally penetrated her vagina without her consent on two occasions. The first assault occurred in March of 2006 while she and Covarrubias were watching a movie in the family living room. L.T. testified she had fallen asleep and woke up to Covarrubias moving two fingers in and out of her vagina. She claimed she was too scared to move or make a sound and that Covarrubias continued for several minutes before abruptly leaving the room. L.T. stated she was in shock and did not tell anyone because she was embarrassed and scared of Covarrubias.

The second assault occurred in September of 2006 while the two were again on the living room couch. L.T. testified she was reclined across the couch nursing a sprained ankle when Covarrubias sat down next to her feet. She said he began to massage her swollen ankle, but then slowly slid one hand up her leg and into her shorts. L.T. testified Covarrubias inserted two fingers into her vagina and moved them in and out for about five minutes after which time he

abruptly stood up and departed the room. L.T. admitted she again failed to tell anyone about the incident due to fear and embarrassment.

L.T. then described another encounter with Covarrubias that transpired shortly after he had moved out of the house in December of 2006. L.T. said Covarrubias came by the house to pick up some of his mail. She told the jury Covarrubias's mail was left outside the door, but Covarrubias rang the doorbell anyway. L.T. told the jury she opened the door and Covarrubias told her not to tell anyone about what happened because no one would believe her and he did not want to go back to jail. L.T. testified these statements scared her and she felt threatened by Covarrubias.

Covarrubias testified and denied ever having been left alone with L.T. He claimed he never inappropriately touched or had a sexual or romantic interest in her.

Other than the testimony of L.T., the State presented no other eyewitnesses to the alleged sexual assault. However, the State presented testimony from a former baby-sitter who testified she observed Covarrubias behaving towards L.T. in a manner the sitter believed was inappropriate. She stated she saw Covarrubias touching L.T. on the waist in an inappropriate manner. She further stated Covarrubias would, on occasion, seek out L.T.'s company in ways the sitter felt were improper. The sitter admitted L.T. denied there was anything going on between her and Covarrubias, but the sitter claimed she did not believe L.T. and continued to feel something inappropriate had occurred.

After considering all of the evidence, the jury convicted Covarrubias. After he was sentenced, Covarrubias perfected this appeal.

**ANALYSIS**

In a single appellate issue, Covarrubias contends the evidence is insufficient to support his conviction. First, he notes there was no physical evidence of sexual assault corroborating L.T.'s testimony. Second, he claims L.T.'s testimony contained inconsistencies. And third, he alleges there was motive on the part of T.T. and L.T. to fabricate allegations of sexual assault because T.T. and L.T. were angry with him.[1]

***Standard of Review***

Texas courts evaluate challenges concerning the sufficiency of evidence supporting a criminal conviction under the *Jackson v. Virginia* legal sufficiency standard of review. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307 (1979). The proper question for this court is "[c]onsidering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *Brooks*, 323 S.W.3d at 899. It is strictly the province of the jury "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. The jury is the "sole judge of the weight of the evidence and may choose to believe all, some, or none of it." *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West Supp. 2011) (stating "the jury, in all cases, is the exclusive judge of the facts proved, and of the weight to be given to the testimony . . . " except where provided otherwise by law). We must presume that the jury "resolved the conflicts in favor of the prosecution and therefore defer to that determination." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Our duty under this standard is

---

[1] Covarrubias provides no specific explanation in his brief as to why T.T. and L.T. were angry with him or how that led to accusations of aggravated sexual assault. He does claim, however, that T.T. made unwanted sexual advances toward him, which he rejected. We might infer his rejection of T.T.'s advances is the source for his claim that T.T. had motive to cause L.T. to fabricate allegations of sexual abuse. However, there is no basis in the record for this.

thus limited to ensuring that "the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Only if we find the evidence to be legally insufficient must we reverse the trial court's judgment and order an acquittal. *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

To sustain a conviction for aggravated sexual assault of a child, the State must prove beyond a reasonable doubt that the defendant "intentionally or knowingly cause[d] the penetration of the anus or sexual organ of a child by any means . . . and . . . the victim is younger than 14 years of age." TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B) (West 2011). The uncorroborated testimony of the victim is sufficient to support a conviction if that victim is younger than eighteen. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2005); *Hiatt v. State*, 319 S.W.3d 115, 121 (Tex. App.—San Antonio 2010, pet. ref'd).

We hold L.T.'s testimony was, by itself, sufficient evidence from which the jury could reasonably find Covarrubias guilty. *See id.*; *see also McDonald v. State*, 462 S.W.2d 40, 41 (Tex. Crim. App. 1971) (holding evidence legally sufficient to support aggravated assault conviction based on victim's testimony even though testimony was inconsistent); *Lane v. State*, 174 S.W.3d 376, 387 (Tex. App.—Houston [14th Dist.] 2005, pets. ref'd) (rejecting appellant's claim lack of corroborating physical evidence rendered evidence legally insufficient, and holding testimony of eleven-year-old victim was sufficient to sustain conviction). L.T. provided a reasonably detailed description of the date, place, and manner in which she was assaulted. The jurors were able to observe both L.T. and Covarrubias give testimony on the stand under direct and cross examination. That the jury chose to believe one over the other was entirely within its purview. *See Jackson*, 443 U.S. at 319; *Heiselbetz*, 906 S.W.2d at 504. It is not for this court to

second-guess how the jury resolved a conflict in the evidence so long as their inference is rationally justified. *Brooks*, 323 S.W.3d at 899; *Williams*, 235 S.W.3d at 750.

## CONCLUSION

Based on the foregoing, we hold the evidence was legally sufficient to sustain the conviction. Accordingly, we overrule Covarrubias's issue and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish